## Jonas v. South Covington & Cincinnati Street Railway Company.

(Decided May 3,.1916.)

### Appeal from Campbell Circuit Court.

1. Depositions—When Adverse Party May Use.—Where a party takes the deposition of a competent witness and declines to read it upon the trial, it may be read by the adverse party.

2. Evidence—Rebuttal Evidence.—Rebuttal evidence is not confined to proving or disproving facts testified to by the witness on the other side; but that is none the less rebuttal evidence which

tends to counteract or overcome the legal effect of the evidence for the other side.

3. Evidence—Rebuttal Evidence—Order of Introduction.—Under subsection 4 of section 317 of the Civil Code, the trial judge may waive the rule as to the order of introducing evidence and permit the party to introduce evidence in rebuttal which should have been introduced in chief, for good reasons and in furtherance of justice, and, this judicial discretion will not be interfered with unless abuse thereof is manifest.

WASHINGTON & BENTON for appellant.

CRAWFORD & CRAWFORD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.— Affirming.

This is the second appeal of this case. Upon the first trial, the circuit court peremptorily instructed the jury to find for the defendant; but, upon appeal, that judgment was reversed, with instructions to send the case to the jury. 162 Ky. 171.

The former opinion gave specific directions as to what questions should be submitted to the jury, and those directions were followed upon the second trial. They constituted the law of the case, and are not now open to review. The jury, however, found for the defendant, and Jonas appeals.

The proof was the same as upon the first trial, with the exception of Jackson's deposition, which was not read; and, treating the instructions as proper under the former opinion, the only remaining ground relied upon for a reversal, is the action of the trial court in refusing to permit the plaintiff to read the deposition of Jackson, which had been taken by the defendant.

The record shows that while the plaintiff's attorneys were introducing plaintiff's testimony, the defendant's attorney asked them whether they were going to read Jackson's deposition; whereupon, the plaintiff's attorneys replied that if it was not used by the defendant, it would be read by the plaintiff on rebuttal, and that defendant's attorney said nothing in reply, or in any way indicated that they were not going to read Jackson's deposition.

Defendant did not read Jackson's deposition, and plaintiff offered to read it in rebuttal; but, upon objection made, they were not permitted to do so. Appellant

insists that this was error; and in support of the argument, cites many cases announcing the general rule, which the appellee does not controvert, that where a party takes the deposition of a competent witness and declines to read it upon the trial, it may be read by the adverse party. The general rule is well established in this jurisdiction, and was fully recognized in the former opinion in this case. 162 Ky. 177.

See also, Sullivan v. Norris, 8 Bush 521; St. Bernard Coal Co. v. Southard, 25 Ky. L. R. 638, 76 S. W. 167; Chesapeake Stone Co. v. Fossett, 30 Ky. L. R. 1175, 100 S. W. 825; 13 Cyc. 980 and 984.

That, however, is not the question here. Unquestionably, plaintiff could have read Jackson's deposition in evidence if he had offered to do so at the proper time. But it stands like any other evidence, in that it must be timely introduced to make it competent. If the plaintiff offered to read Jackson's deposition in rebuttal, when it could only have been testimony in chief, there was no error in rejecting it. In this respect the deposition stood precisely as if the plaintiff had taken it or had had Jackson present in court. In that case he would not have been allowed to read the deposition in rebuttal, or to introduce Jackson in rebuttal when his evidence was in chief, and, strictly speaking, could only have been offered as such.

In Reserve Loan Life Ins. Co. v. Boreing, 157 Ky. 733, it was held that rebuttal evidence is not confined to proving or disproving facts testified to by the witnesses on the other side, but that is none the less rebuttal evidence which tends to counteract or overcome the legal effect of the evidence for the other side. It is true that subsection 4 of section 317 of the Civil Code authorizes the trial judge to waive the rule as to the order of introducing evidence and permits the parties to introduce evidence in rebuttal which should have been introduced in chief, for good reasons in furtherance of justice. And this judicial discretion will not be interfered with unless abuse thereof is manifest. Fuqua v. Commonwealth, 118 Ky. 578; Rogers v. Flick, 114 Ky. 849.

But, whether Jackson's testimony be treated as evidence in chief or as rebuttal evidence, as defined in the Boreing case, supra, it is apparent that Jonas was not prejudiced by its exclusion. The substance of Jackson's deposition is given in the former opinion and, as there

pointed out, it sustained the company upon the principal point of negligence.

Under the facts of this case, we cannot say the trial court abused its discretion in applying the general rule, or that appellant was in any way prejudiced thereby.

Judgment affirmed.