## Combs and Workmen's Compensation Board of Kentucky v. Hazard Blue Grass Coal Corporation.

(Decided February 10, 1925.)

### Appeal from Perry Circuit Court.

1.  Master and Servant—Findings of Compensation Board Not Disturbed, if Supported by Testimony.—Findings of Workmen's Compensation Board will be treated as verdict of jury, and not dis-

turbed, unless there is an entire absence of substantial and credible testimony to support.

2.   Master and Servant—Employee Losing Only Good Eye Held Entitled to Compensation as for Total Disability, Less Deduction for "Previous Injury."—Under Ky. Stats., sections 4897, 4901, employee, who had never had sight of one eye, on loss of other held entitled to compensation for total disability, subject to deduction of amount which would have been allowable for loss of first eye; "previous injury" under section 4897 being any cause which, together with subsequent injury, produces total disability for which compensation is provided.

NAPIER & HELM for appellant.

FAULKNER, STANFILL & FAULKNER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Sherman Combs was a coal miner in the mines of the Hazard Blue Grass Coal Corporation and while so engaged received an injury from a dynamite explosion. He prosecuted his claim for compensation therefor before the workmen's compensation board. It developed on the hearing that he had no sight in his right eye previous to the injury referred to; that this condition had existed all his life and was probably congenital. It was shown that as a result of the accident his left eye, out of which alone he could see anything, was so affected as to make him, in the judgment of the board, industrially blind. The award of the board is in these words

"Having carefully considered the entire record, the testimony and circumstances in this case, we reach the conclusion that the claimant sustained an injury by accident, arising out of and in the course of his employment, resulting in the loss of sight of the left eye, to such an extent as renders him totally disabled to perform manual labor, and that his disability is permanent; and we further conclude that the claimant was earning sufficient wages to entitle him to the maximum compensation, at $15.00 per week, as provided by the compensation act, but subject to a credit of 100 weeks' compensation at $12.00 a week, for the loss of vision of the right eye, which condition existed prior to the accident complained of herein, as provided in section 20 of the compensation act.

"Claimant is awarded compensation at the rate of $15.00 per week, beginning one week after the date of accident, not to exceed a total period of eight years, net total amount of $6,000.00, subject to a credit of 100 weeks at $12.00 per week, for loss of sight of right eye, sustained previous to accident complained of, which shall be deducted from the final payments due under this award; and also subject to credit of any amount heretofore paid as compensation for temporary total disability on account of the accident complained of herein, with six per cent interest per annum on all due weekly payments and medical bills not to exceed $100.00.''

The coal company filed a petition for review in the Perry circuit court, and in that court a judgment was entered modifying the award of the workmen's compensation board and adjudging that Combs be awarded compensation at the rate of $12.00 a week for a period of 100 weeks.

It is the settled rule of this court to treat the finding of the workmen's compensation board as the verdict of a properly instructed jury, and not to disturb it unless there is an entire absence of substantial and credible evidence to support it. One reason for the rule is that the main purpose of the statute was to relieve the courts of trying the facts in these cases. Employers' Liability Assurance Corporation v. Gardner, 204 Ky. 216, and cases cited.

It is earnestly insisted that there is no evidence to support the finding of the board; that the undisputed facts are that Combs had only one eye and that only compensation should be allowed him for losing one eye. There has been no little controversy on this subject in other states and the decisions are by no means uniform. See notes 8 A. L. R. 1326-1329; 24 A. L. R. 1467. Section 4897, Kentucky Statutes, after setting out the injuries in which the disability shall be deemed permanent, concludes with these words:

"The above enumeration is not to be taken as exclusive, but in all other cases the burden of proof shall be on the claimant to prove that his injuries have resulted in permanent total disability.''

Section 4901 also provides:

"If a previously injured employe sustains a subsequent injury which results in a condition to which both injuries, or their effects, contribute, the employer in whose employment the subsequent injury is sustained shall be liable only for the compensation to which such resulting condition entitled the employe, less all compensation which the provisions of this law would have afforded on account of the prior injury or injuries had they been compensated for thereunder."

It is insisted that section 4901 only applies to a previously injured employe. But what is a previous injury? It is clear that under section 4897 a total disability not specified in the statute was intended to be provided for. Reading the two sections together a previous injury should be held to include any cause producing the result. The thing provided for is a condition—total disability. A case of total disability exists when the only good eye is put out. The statute was intended to provide for the employe who was in fact permanently disabled in order that he would not become a charge on the public or be without any means of support. It covers all cases of total permanent disability. But the maimed employe should not in case of total permanent disability be paid as much as one who was not maimed in any way; and so the statute allows a deduction for what would have been allowed for the previous injury, whether it occurred at one time or another. To illustrate, if the employe has lost the use of one hand or foot by a congenital defect or from any other cause, it was intended that under the statute this should be taken into consideration in the allowance for total disability resulting from the injury to the other hand or foot. This conclusion is in accord with the weight of authority under statutes like ours and seems to us the reasonable and just rule.

It is also insisted that Combs had not lost the use of his left eye as a result of his injury to the extent found by the board. The evidence is very conflicting on this subject, but under the well established rule we cannot disturb the finding of the board on the facts. Jellico Coal Company v. Chatfield, 200 Ky. 842.

Judgment reversed and cause remanded with directions to enter a judgment approving the award of the board.