## Duckworth v. Routt.

(Decided January 12, 1932.)

WADE H. LAIL for appellant.

SWINFORD & SWINFORD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This action was instituted by W. F. Routt against Mrs. Lou Duckworth for the specific enforcement of a contract to convey land. The contract was entered into on December 5, 1928, and possession of the land was to be given on March 1, 1929. The vendor refused to convey on the ground that the contract was obtained by fraud, and because of inequitable conduct on the part of the purchaser. The circuit court, by its decree, enforced the contract, and the vendor has prosecuted an appeal. The defense is rested upon an alleged oral agreement made coincidentally with the written contract to the effect that the vendor was not to be bound, unless her tenant consented to surrender the premises, and unless two of the other farms owned by her were sold. Apart from the legal difficulty involved in introducing material conditions into a written contract by a contemporaneous oral agreement, Barrett v. Clarke, 226 Ky. 109, 9 S. W. (2d) 1091, the testimony respecting the alleged oral agreement was in sharp conflict, and the finding of the chancellor thereon could not be disturbed upon mere doubt as to its correctness, Moren v. Houston, 222 Ky. 785, 2 S. W. (2d) 667. Recognizing the force of the facts and the pertinence of the principles mentioned, counsel for appellant invokes the rule that the specific enforcement of contracts is an equitable remedy that rests in judicial discretion, and will not be granted, unless the contract involved is found to be free from any taint of fraud, oppression, or deceit. Robenson v. Yann, 224 Ky. 56, 5 S. W. (2d) 271; Darnell v. Alexander, 178 Ky. 404, 199 S. W. 17. It is urged that the facts shown by the defendant were sufficient, within the principle stated, to warrant a refusal of the remedy in this case. Again we observe that the facts were found in favor of the plaintiff, and there was ample evidence to support the finding, as a brief recital of the testimony will demonstrate.

Mrs. Duckworth owned about 700 acres of land comprising four farms that had been acquired from various

sources and consolidated into a single unit. She employed a real estate agent to negotiate a sale of the land. The price was to be fixed so as to realize an average of $40 per acre for all of the land. The agent suggested the advisability of subdividing the land and selling it in smaller farms. In conjunction with a brother of Mrs. Duckworth, the agent inspected the farm, and then advertised it for sale as a whole or as four separate tracts. The location, acreage, and price of the four farms were indicated in the advertisement. One of the farms contained approximately 95 acres and adjoined the lands of W. F. Routt. Routt read the advertisement and approached the agent for the purpose of negotiating a purchase of the 95 acres. The agent and Mr. Routt proceeded to Millersburg where Mrs. Duckworth was living, and entered into negotiations with her, which resulted in the contract in controversy. The dispute concerns the details of the negotiations at the time the contract was made. Mrs. Duckworth, her daughter, and a grandson 14 years of age, testified that Mrs. Duckworth refused to sell the smaller farm until she was assured that at least two more of the farms were practically sold, and until she could obtain the consent of her tenant who had been promised the right to cultivate a portion of the 95 acres. The agent and Mr. Routt contradicted the statements of the defendant and her witnesses, and the written contract is silent upon the subject. It is unequivocal and unconditional in its terms. An examination of the evidence fails to produce a conviction that the chancellor did not reach a sound conclusion on the facts, and, in view of the finding, it cannot be said that any sinister conduct on the part of Routt, or the agent of Mrs. Duckworth, occurred or operated to deprive Routt of the benefits of his contract. It may not be said that the other farms would not have been sold, for Mrs. Duckworth revoked the agency before the efforts of the agent to sell the other farms had been exhausted. The agent was entitled to the co-operation of his principal, and, if performance was prevented by the principal, the result was not chargeable to the fault or failure of the agent. In view of the finding, supported by evidence, that the contract was fairly made, we cannot say that the court erred in decreeing a specific performance.

Some subordinate suggestions deserve consideration. The petition was in two paragraphs. The first paragraph

sought the specific enforcement of the contract and the second paragraph sought a recovery of damages for failure to obtain possession of the land on March 1, 1929. No relief was awarded under the second paragraph, and hence it is unnecessary to determine the propriety of the proceeding in that respect. It is further suggested that the description of the land contained in the contract was insufficient. The land was described in the contract "as her farm containing 100 acres to be surveyed, and located near Beaver Baptist Church, Harrison County, Kentucky, and is known as the Tom Light Tract." It was further provided:

> "It is understood when this land is surveyed and in event that the 'Light Tract' surveys more than 100 acres, then to get the 100 acres sold, the line between the 'Julia Ann King Tract' shall be set back to make the 100 acres hereby sold."

It is apparent from the record that no difficulty was encountered in identifying the land sold, and the description was clearly sufficient to satisfy the statute of frauds. Bates v. Harris, 144 Ky. 399, 138 S. W. 276, 36 L. R. A. (N. S.) 154; Corso v. Crawford, 228 Ky. 338, 14 S. W. (2d) 1093.

The depositions of the plaintiff and of the real estate agent were taken on July 17, by agreement of the parties. The defendant's deposition was taken on August 12, and on August 28 the plaintiff and agent were recalled for further examination. Objection was interposed to the retaking of the testimony, except in rebuttal, as allowed by the Civil Code of Practice (section 553). It is now insisted that the testimony last taken went beyond the limits of the restriction, amounted really to a retaking without leave, and that the exceptions addressed thereto should have been sustained. Rebuttal evidence is not confined to disputing or disproving facts testified to by the witnesses for the other side, but it embraces all testimony which tends to counteract or overcome the legal effect of the evidence for the adverse party. Jonas v. S. C. & C. St. R. Co., 169 Ky. 809, 185 S. W. 117.

It is not clear that any of the evidence went beyond the boundary fixed for the reception of rebuttal evidence. But, however that may be, it is very clear that the ruling did not constitute an abuse of the discretion reposed in the trial court, and did not prejudice the rights of the

appellant. Under the old equity practice and the original provision of the Civil Code, a deposition could not be retaken without leave of the court, but, under the amendment to the Civil Code, made in 1886, witnesses may be recalled to testify in rebuttal. Section 553, Civil Code of Practice.; Luckett v. Buchman, 1 S. W. 391, 12 Ky. Law Rep. 242; Newman v. Kendall, 2 A. K. Marsh 234; Deneal v. Allensworth, 2 J. J. Marsh 446. Moreover, the testimony last given was so consistent with that appearing in the original depositions where the same subject-matter was covered that no possible prejudice could have resulted. The subsequent action of the court in overruling the exceptions was equivalent to prior leave to take the depositions, and raised no question for review here, where the discretion of the court was not abused. 18 C. J., p. 730, sec. 338; Hickey v. Young, 1 J. J. Marsh. 1; Todd's Heirs v. Wickliffe, 12 B. Mon. 289.

A careful examination of the record discloses no reason for disturbing the judgment of the circiut court.

The judgment is affirmed.