# United States Coal & Coke Co. v. Jones.

(Decided Nov. 8, 1935.)

WM. SAMPSON for appellant.

GOLDEN, GILBERT & GOLDEN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Appellant is complaining of a judgment upholding the action of the Workmen's Compensation Board in awarding to John Jones $7.50 per week for a period of eight years, not exceeding $3,000 all told.

## Facts.

Jones was employed by the appellant. Both had accepted, and were working under, the provisions of the Workmen's Compensation Act. In 1917 Jones was rejected for military service because of a defective heart. While at work for appellant on July 23, 1931, Jones sustained a further injury to his heart, and he has since been without earning power. The board found that 50 per cent. of his present disability is due to the injury sustained July 23, 1931, and 50 per cent. of it is due to his previous condition. Jones was then earning $30 per week, 65 per cent. of which is $19.50, so the appellee, in view of his previous earnings and his present helplessness, is entitled to the maximum allowance under section 4897 or section 4899, Ky. Stats. By section 4880, Ky. Stats., Mr. Jones is not entitled to compensation on account of any part of his present helplessness that has resulted from pre-existing disease. See section 4880, Ky. Stats., and notes 51, and 52, p. 615, sec. 369, 71 C. J.

The board regarded section 4897, Ky. Stats., as the one governing this application, and it followed the case of Robinson-Pettet Co. v. Workmen's Compensation Board, 201 Ky. 719, 258 S. W. 318, and entered the award stated. We are persuaded that is erroneous. We have in a later case, Wallins Creek Collieries Co. v.

Jones, 214 Ky. 775, 283 S. W. 1067, applied section 4899 to a case like this; hence we conclude this award should have been $6 per week for 335 weeks, not exceeding the sum of $2,000 all told. Mr. Jones has been found to be totally disabled, but the accident that befell him did not cause his total disability as contemplated by section 4897, Ky. Stats., and as to appellant it has been found that Mr. Jones has sustained in his work for it a partial permanent disability; namely, 50 per cent. Section 4899, Ky. Stats., by its very language shows it is the applicable statute, and it fixes Mr. Jones' maximum award at $12 per week, multiplied by the percentage of disability caused by the injury, for such period as the board may determine, not exceeding 335 weeks, nor a maximum sum of $4,000; hence the award should have been as we indicated above, for which reason the judgment is reversed, and the trial court will remand the cause to the board, with direction to enter an award in conformity to this opinion.

Judgment reversed.