## Ajax Coal Co. v. Collins et al.

(Decided April 20, 1937.)

(As Extended on Denial of Rehearing June 22, 1937.)

CRAFT & STANFILL for appellant.

ELBERT STRONG for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

This is an appeal from a judgment of the Perry circuit court affirming an award by the workmen's compensation board in favor of William Collins, who was awarded the amount of $13.65 per week for temporary total disability not to exceed 416 weeks and not to exceed the total sum of $5,400 with interest on past-due installments. While Collins was at work for appellant, Ajax Coal Company, on the 1st day of October, 1934, in its coal mine in Perry county, Ky., a rock from 2 to 2½ feet in length and width with an average thickness of about 5 inches fell from the roof of the mine striking him while in a stooped or "humped over" position in the lower part of the back causing him serious and permanent injury and disability for which he applied for compensation.

It appears that both parties accepted the provisions of the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.). The question is whether the injury received by the falling rock was the total cause of the disability complained of by Collins, or whether a prior disease was the contributing cause of the disability.

The preponderance of the evidence, if not the whole of it, that pertains to the actual injury, supports the view that the disability was the result entirely of the injury received from the rock striking him upon his back and on the lower part thereof. However, neither the Perry circuit court or this court is permitted to review the evidence, except to determine whether the board's finding of fact is supported by some substantial facts of legal efficacy or probative value that will sustain the judgment. Section 4935, Kentucky Statutes; South Mountain Coal Co. v. Haddix et al., 213 Ky. 568, 281 S. W. 493; Broadway & Fourth Ave. Realty Co. v. Metcalfe, 230 Ky. 800, 20 S. W. (2d) 988, and cases cited therein.

The findings of the board when there is evidence to support it, in the absence of fraud, is conclusive. Valentine v. Weaver, 191 Ky. 37, 228 S. W. 1036; Andrews Steel Co. v. McDermott, 192 Ky. 679, 234 S. W. 275; Robinson-Pettet Co. v. Workmen's Compensation Board, 201 Ky. 719, 258 S. W. 318; Employers' Liability Assurance Corp. v. Gardner, 204 Ky. 216, 263 S. W. 743; B. F. Avery & Sons v. Carter, 205 Ky. 548, 549, 266 S. W. 50; South Mountain Coal Co. v. Haddix, supra.

There is no claim of fraud. The evidence is to the effect that Collins, about 3 o'clock in the morning, on October 1, 1934, while in the employ of appellant, when attempting to place a jack screw on the roof of the mine and while in a stooping or "humped over" position, a large stone, that one of the eyewitnesses claimed to be about 3 inches thick around the edges and between 5 and 8 inches in the middle, 2 feet one way and 3 feet the other way, fell upon his back, and especially across the lower part thereof, knocking him down to the ground; that he laid there a few minutes, then got up and worked a short time in pushing rock over against the cutter bar of the machine, announcing at the time that the rock "sure hurt his back." In a short time not exceeding forty-five minutes, the work of the mine was shut down. He worked no more; suffered much pain and was unable to do any further work as a mine laborer or any other work of any consequence. It would be waste of time to relate further the evidence, for we have concluded that there was sufficient competent and probative evidence heard by the workmen's compensation board to justify the award and the judgment appealed from.

We find no error in the finding of facts or the legal conclusions of the board.

It is insisted by counsel that the award of the compensation board should have determined the relative amount of the disability resulting from the disease and from the traumatic injury. We think counsel in error in that contention because from the testimony the total disability resulted entirely from the injury received by the rock falling upon his back and not from any prior or existing disease. Such was the conclusion of the workmen's compensation board. Therefore, no error

was committed by the court below in failing to remand the record to the board with directions to determine that fact.

Counsel further insists that the court erred in the manner in which certain testimony was introduced. It is claimed that the evidence of Drs. Wilgus Bach and J. K. Sewell was substantive and not rebuttal. We note that appellant had introduced several doctors by whom it attempted to prove that the injury to appellee was not the sole cause of his disability; that same was the result of prior disease or from disease not attributable to the injury caused by the falling of the stone on appellee's back. These physicians did not claim to have seen appellee until several months after the injury. In their examination at the time they made it and from the history of the case, that they obtained from appellee, their testimony tended to show that the disability complained of was not altogether from the effects of the injury. This testimony was for the purpose of establishing the defense set out in appellant's answer. The object of the evidence of Drs. Bach and Sewell was to contradict and discredit that testimony. It was necessarily in rebuttal because appellee could not anticipate the evidence that would be offered by appellant until it was presented. After appellee had shown the cause of the injury, the extent of it, and the results following therefrom, and that it was a total disability, his case was made out. It devolved then on appellant to show that the disability was the result of a prior or existing disease, which it attempted to do. The evidence of appellee was to rebut those facts.

In Jonas v. South Covington & Cincinnati Street Railway Co., 169 Ky. 807, 185 S. W. 117, 118, we stated:

"In Reserve Loan Life Ins. Co. v. Boreing, 157 Ky. [730] 733, 163 S. W. 1085, it was held that rebuttal evidence is not confined to proving or disproving facts testified to by the witnesses on the other side, but that is none the less rebuttal evidence which tends to counteract or overcome the legal effect of the evidence for the other side. It is true that subsection 4 of section 317 of the Civil Code authorizes the trial judge to waive the rule as to the order of introducing evidence and permit the parties to introduce evidence in rebuttal which

should have been introduced in chief, for good reasons in furtherance of justice. And this judicial discretion will not be interfered with unless abuse thereof is manifest. Fuqua v. Commonwealth, 118 Ky. 578, 81 S. W. 923, 26 Ky. Law Rep. 420; Rogers v. Flick, 144 Ky. [844] 849, 139 S. W. 1098.''

Whether this testimony is totally in rebuttal or not, permitting same to be heard was not prejudicial to the rights of appellant, for such testimony was competent and it was in the sound discretion of the court to permit same because subsection 4 of section 317, Civil Code of Practice, authorizes the trial judge to waive the rule and permit the evidence to be introduced as rebuttal in furtherance of justice, even if the proper manner had been in chief. In any event, we do not think the substantial rights of appellant were in any way prejudiced.

Appellant suggests that even if the workmen's compensation board's finding that no part of appellee's disability is due to pre-existing disease is correct, yet it erred in awarding him compensation under section 4897 of the Kentucky Statutes, which provides that when the injury causes total disability the employer shall pay the injured employee a weekly compensation equal to 65 per cent. of his average weekly earnings, not to exceed $15 per week; such payments to be made during the period of total disability but not longer than eight years after the date of the injury, nor in any case to exceed a maximum sum of $6,000. It is its contention that the award should have been made under section 4899, which reads in part as follows:

"In all other cases of permanent partial disability, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employee, compensation shall be determined according to the percentage of disability, taking into account, among other things, any previous disability, the nature of the physical injury or disfigurement, the occupation of the injured employee and age at the time of injury; the compensation paid therefor shall be sixty-five per cent. [65%] of the average weekly earnings of the employee, but not less than five dollars [$5.00] nor more than twelve dollars [$12.00], multiplied by

the percentage of disability caused by the injury, for such period as the board may determine, not exceeding 335 weeks nor a maximum sum of four thousand dollars [$4,000.00]."

Section 4899 deals with cases of partial permanent disability, and this court has held that where a disability, though total, is due partly to pre-existing disease and partly to the injury for which compensation is sought, compensation is payable under section 4899. Starks Realty Company v. French, 267 Ky. 255, 101 S. W. (2d) 946, and U. S. Coal & Coke Company v. Jones, 261 Ky. 235, 87 S. W. (2d) 366.

Here the board found that no part of appellee's disability was due to pre-existing disease, but it did find that 10 per cent. of his disability was due to a previous injury to his chest for which he drew compensation, and accordingly in making the award it allowed him the amount due under section 4897 for total disability, less the amount which had been paid to him, or to which he was entitled, for the prior injury. The award was in strict accordance with section 4901 of the Statutes, which covers just such a contingency. That section reads:

"If a previously injured employee sustains a subsequent injury which results in a condition to which both injuries, or their effects, contribute, the employer in whose employment the subsequent injury is sustained shall be liable only for the compensation to which such resulting condition entitled the employee, less all compensation which the provisions of this law would have afforded on account of the prior injury or injuries had they been compensated for thereunder."

The resulting condition to appellee from the two injuries was total disability, which entitled him to compensation under section 4897.

From the whole record, appellant has received a fair trial and the judgment appealed from is correct; at least, there are no errors that affect the substantial rights of appellant. See section 134, Civil Code of Practice.

The judgment is affirmed.