## Locomotive Coal Co. v. Jordan.

Nov. 29, 1938.

HIRAM H. OWENS for appellant.

JAMES WILSON for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

On May 1, 1933, appellee, Cecil Jordan, in the

course of his regular duties, received an injury resulting in a hernia. In its final opinion and award, made on April 6, 1937, the Workmen's Compensation Board awarded Jordan compensation at the rate of $3.90 per week for 7 3/7 weeks for temporary total disability, and $1.95 per week for 327 4/7 weeks for 50% permanent partial disability subject to a credit of $73.80 for funds already advanced by the company. While working for another employer in 1925, Jordan received an injury to his thigh and was awarded compensation for that injury upon the basis of 40% permanent partial disability to the man as a whole. Appellant filed a petition for review in the Bell circuit court, claiming that the Board erred in its award of compensation for 50% partial disability for the injury sustained in 1933, and that because of the previous award of compensation to Jordan for 40% permanent partial disability, he should have been allowed compensation for only 10% permanent partial disability, the difference between the two. Jordan answered, denying that the Board had erred, and upon submission of the case the court adjudged that the plaintiff's petition be dismissed and the award of the Board sustained. From this judgment appellant appeals.

Section 4901 of the Kentucky Statutes provides:

"If a previously injured employee sustains a subsequent injury which results in a condition to which both injuries, or their effects, contribute, the employer in whose employment the subsequent injury is sustained shall be liable only for the compensation to which such resulting condition entitled the employee, less all compensation which the provisions of this law would have afforded on account of the prior injury or injuries had they been compensated for thereunder."

The sole question raised by appellant is, whether or not the Board erred in awarding Jordan compensation for 50% instead of 10% permanent partial disability because of the injury received in 1933, in view of the fact that he had previously received compensation for an injury which left him 40% disabled. The testimony of the doctors given in the case relative to the extent of Jordan's permanent disability resulting from hernia ranged from 25% to 75%. There was ample evidence before the Board, therefore, to justify its finding of 50% permanent partial disability for Jordan from

hernia, and, under such circumstances, the courts will not interfere with the Board's findings. Stearns Coal & Lumber Company v. Duncan, 258 Ky. 346, 80 S. W. (2d) 4.

The Board stated in its opinion and award of April 6, 1937, that:

"2. In 1925 the plaintiff had sustained an injury for which he was awarded compensation at the rate of 40% permanent disability to his body as a whole. The payments of compensation allowed for this 1925 injury had ceased prior to the time of the present injury, a hernia. While the plaintiff thus was, juridically speaking, 40% disabled prior to the present injury, we believe this condition is clearly reflected in his earning power which was found to be but six dollars ($6.00) a week at the time he received the present injury.

"To say that the 50% permanent, partial disability found by the Referee to be a result of the present hernia included the 40% permanent, partial disability adjudged in 1925, sounds logical, but is not just. The testimony of the experts estimating the plaintiff's disability indicates they did not take into consideration the injury of 1925 in reaching their estimates of the disability arising from the present injury, the hernia. They estimated the disability caused by the hernia upon the basis of the man's condition as 100% immediately prior to the injury, and we believe, as we said before, that the disability caused by the injury of 1925 was reflected in the man's earning power at the time of the occurrence of the present injury, which earning power is the basis of any award for the present injury. Since the disability of 1925 did not contribute to the present disability, as the testimony in the instant case proves, we do not believe section 20, Workmen's Compensation Act, Kentucky Statutes, section 4901, is applicable. Therefore, we conclude that the 40% permanent disability award granted in 1925 should not be considered a part of the 50% permanent disability found by the Referee to be a result of the present injury."

It is clear from this statement that, in making its award for Jordan's last injury, the Board gave consid-

eration to his earning power ($6 per week) at the time he was injured in 1933. It appears from the record that his wages, prior to his injury in 1925, were such that he was entitled to and did receive maximum compensation of $15 per week while he was totally disabled. There is no overlapping of the two awards, and there is no showing that the second injury was an outgrowth of the first. It is our conclusion, therefore, under the circumstances in this case, that the Board did not err under section 4901 of the Statutes in awarding Jordan compensation for 50% permanent partial disability at the rate of $1.95 per week for 327 4/7 weeks following the 7 3/7 weeks' period when he was totally disabled from the hernia.

The facts in the case of Kingston-Pocahontas Coal Company v. Maynard, 209 Ky. 431, 273 S. W. 34, relied upon by appellant, clearly distinguish it from the case at bar. In the Maynard Case, it was claimed that the total disability (paralysis) was caused solely by a rock falling on Maynard's head. Three doctors who examined Maynard after the accident, testified, however, that the paralysis was due to apoplexy, which could not have resulted solely from the injury received. When the doctors examined Maynard they found that his blood pressure was dangerously high, and that his arteries were hardened and very brittle. The case was referred back to the Board with directions to determine the extent to which Maynard's injury and his pre-existing disease contributed to his disability, and for an apportionment of the award accordingly.

We are constrained to hold, therefore, for the reasons given herein, that the judgment of the lower court should be, and it is, affirmed.