## Bennett v. White Coal Co.

Nov. 7, 1941.

828

D. G. Colson for appellant.

Murray L. Brown for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

Appellant was denied compensation for injuries received while in appellee's employ, because he had previously lost his left leg eight inches below the knee and his right arm six inches below the shoulder, through noncompensable accidents and, by the terms of Section 4897, Kentucky Statutes, was presumed to be totally and permanently disabled prior to the infliction of the injuries for which compensation was sought. The ruling of the Workmen's Compensation Board was affirmed by the Circuit Court, and this appeal is from the judgment of that tribunal dismissing the petition for review. In disposing of it, it is unnecessary to comment upon the extent of the subsequent injuries sustained by appellant, since the Board did not pass upon them, but, for the reasons given, held them to be noncompensable, whatever their nature or effect. For the present purpose it is sufficient to say that for approximately five years prior to their infliction, appellant, notwithstanding his previous dismemberments, had worked for appellee as a coal loader, fully performing the work of a normal man; that the injuries which gave rise to the present litigation were of a comparatively minor nature, and probably would not have disabled an ordinary person for a longer period than four weeks, but, that because of their cumulative effect upon appellant's already impaired anatomy, possibly coupled with poison from decayed teeth, he is now totally and permanently incapacitated from performing manual labor of any kind.

The Board based its conclusion upon the provisions of Sections 4897 and 4901, Kentucky Statutes. The former provides that the loss of a foot and hand shall be conclusively deemed to produce total and permanent disability. And the latter:

"If a previously injured employee sustains a subsequent injury which results in a condition to which both injuries, or their effects, contribute, the employer in whose employment the subsequent injury is sustained shall be liable only for the compensation to which such resulting condition entitled the employee, less all compensation which the provisions of this law would have afforded on account of the prior injury or injuries had they been compensated for thereunder."

In effect, the Board concluded that since the maximum amount which could have been awarded for total permanent disability would have to be deducted from any award made appellant, it was impossible to award him anything, an inescapable conclusion if the Statutes are to be literally applied.

But the purpose of Section 4897 was to relieve the injured workman of the necessity of proving that he was totally and permanently disabled when he had sustained the injuries therein described, and the purpose of Section 4901 was to insure that employers should not be required to pay for disabilities which were not the result of injuries sustained in their employ, or more than once for disabilities resulting from the same accident. Surely, it should not be presumed that the Legislature intended that the two sections should be construed so as to deprive a workman, whom the proof shows was not in fact totally disabled by previous accidents for which he had received no compensation under the act, from recovering compensation for injuries sustained in the course of a subsequent employment. The very language of Section 4901 pre-supposes the ability of the previously injured employee to work and earn wages, else he would not have been employed. If employed at the time of his subsequent injury, he cannot have been totally and permanently disabled by his previous injuries, the presumption created by Section 4897 to the contrary notwithstanding. But, however this may be, the appellee, by employing the appellant and causing him to sign the compensation register, with knowledge of his previously incurred disabilities, is estopped from contending that appellant was totally and permanently disabled and not entitled to recover anything for the injuries sustained while in its employ. Under these circumstances, appellant's compensation for these injuries should be such as his resulting condition entitles him to receive, less what he would have received had he been compensated for the actual, as distinguished from the presumed, degree of disability occasioned by his previous dismemberments.

The cases cited by the Board in its opinion, namely, Combs v. Hazard Blue Grass Coal Corporation, 207 Ky. 242, 268 S. W. 1070, and Ajax Coal Co. v. Collins et al., 269 Ky. 222, 106 S. W. (2d) 617, do not militate against the views herein expressed.

Judgment reversed, with directions to remand the

case to the Workmen's Compensation Board for proceedings consistent with this opinion.

Whole Court sitting.

Chief Justice Rees and Justices Thomas and Fulton dissenting.