## Department of Highways v. Manning.

Dec. 5, 1941.

Hubert Meredith, Attorney General, and William Hayes, Assistant Attorney General, for appellant.

R. Hall Hood for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming in part and reversing in part.

Manning, then about 36 years of age, working as a highway laborer in Calloway County, in June, 1938, was riding in a truck engaged by appellant in its road work; the truck became disabled, overturned into a ditch and he received an injury to his knee, which he claims resulted in permanent impairment.

It is agreed that Manning was injured in the course of employment; that his daily wage was $2.40, and that the parties had accepted the terms of our Compensation Act, Kentucky Statutes, Section 4880 et seq.; that Manning had been compensated on the basis of $9.36 per week for a period of forty weeks for temporary total impairment. At the end of this period the employer ceased payment, which resulted in a reference to the Board.

On initial hearing the referee found a lack of evidence on the question as to what extent the disbility, due to the accident, contributed to impairment, it being developed that there was a pre-existing disability. The order of submission was set aside with time for further proof. Some proof was taken and on April 16, 1940, referee made his report in which he recited the facts with relation to the injury and found that about 25 years prior thereto Manning was afflicted with inflammatory rheumatism, culminating in ankylosis of the left hip joint, producing "limitation of motion," causing him to walk with a decided limp. That the evidence showed that since receiving the knee injury Manning was totally disabled within the meaning of the Act.

He pointed out that the employer was insisting that Manning's disability, no matter to what extent, was not wholly the result of the accidental injury, but is in part the result of a pre-existing disability which continues to aggravate the knee injury, to the extent that healing is retarded, finding "evidence to support that argument."

The referee commented that when the case was first heard he thought that because some of the medical testimony referred to the hip disability as a "disease or diseased joint," the case was one involving a question of pre-existing disease under Kentucky Statutes, Section 4880, but upon reconsideration of the evidence, with the aid of additional proof, he concluded that there was no question of pre-existing disease within the meaning of that section, but rather a case involving a previous injury under Section 4901, Kentucky Statutes. Further, that "no part of plaintiff's present total disability is the result of pre-existing disease, but the combined result of a previous and subsequent injury," citing Combs v. Hazard Coal Corp., 207 Ky. 242, 268 S. W. 1070, and taking the position that that case draws a distinction between pre-existing disease and previous injury. We quote the referee:

"The necessity for the distinction is that when an accident and pre-existing disease combine to contribute concurrently to produce a disability, compensation is allowable only for the proximate contribution of the accident to the result, and the employer is only liable to that extent, whereas under Kentucky Statutes, Section 4901, in a case where a previous subsequent injury or its effects contribute to a condition the employer is liable for that condition less all compensation the act would have afforded on account of the previous injury had no compensation been paid thereunder." He further commented:

"The substance of defendant's evidence was to the effect that the injury to the knee ought to have healed in a few months, except that plaintiff's hip condition contributes to his continued disability, and there can be no doubt that this is true. Neither of the doctors undertook to estimate that disability, and there is no direct testimony as to whether his previous disability of the hip was 10, 15 or 25 per cent. However, we believe from the evidence, considering plaintiff's previous ability to labor with the other facts developed, a fair and reasonable estimate of any previous disability by reason of the hip condition was 10 per cent partial permanent to the man as a whole. The only evidence on the subject also leads us to conclude plaintiff's total disability

is permanent. If, however, the condition should improve, defendant has a remedy.''

While the Board found Manning to be totally and permanently disabled, when it came to apportion the award, on account of the previous disability, it administered Kentucky Statutes, Section 4901, a reading of which leads to the conclusion that previous injury which combined with the subsequent injury must have been compensable under the Act. It could have no application here, where it is clear that the ankylosis resulted solely from inflammatory rheumatism, not classed as a compensable disease, but which may be considered in fixing the award, if the subsequent injury should light up the existing disease to such an extent as to cause total permanent disability.

We need not go into a discussion as to whether ankylosis is or is not a disease; some writers class it as such. In this case it is shown that the stiffening of the hip joint was the result of pre-existing disease. That the Board is not justified in making an award solely for such pre-existing disease, reference may be had to Kentucky Statutes, Section 4880, Smith v. Standard Sanitary Mfg. Co., 211 Ky. 454, 277 S. W. 806, and cases cited.

In the case at bar it was the consensus of both physicians that the traumatic injury to Manning's knee, causing injury to the ligaments and muscles, would have healed within a reasonable time, had it not been for the ankylosis of the hip joint, caused neither from accident nor injury. It does not differ from what we call "injury lighting up a prior disease," or the bringing into play a dormant disease, and this being true we should apply the same rules or statutes as have been applied in such cases, and in this respect we find error in the award, as to the extent of time payments should be made.

Counsel for employer in argument contends that the Board had no right or authority to compensate Manning for a pre-existing disease, but only for disability arising from a traumatic injury, and cites several cases on which he basis his contention, among them Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34, 35. We found there evidence of pre-existing disease contributing to the later injury, claimed to have been the proximate cause of disability arising from

an injury in the course of employment, but not "solely therefrom." The Board had found the impairment to be the sole result of the injury. We did not sustain the finding, but sent the case back with directions to determine the extent "to which appellee's injury and his pre-existing disease contributed to his disability."

In Combs v. Hazard Blue Grass Coal Corp., 207 Ky. 242, 268 S. W. 1070, 1071, we upheld an award of the Board allowing claimant total permanent disability for the loss of his left eye, subject to a credit of 100 weeks at $10 per week, because at the time of the accident he had no sight in his right eye, a condition existing from birth. It is true, as contended by appellee, and as remarked by the referee, the allowance was made for total permanent disability, and the award based on the provisions of Kentucky Statutes, Section 4901.

The court classified the loss of sight in the right eye as a "previous injury," which should be held to mean "any cause producing the result." The court did not discuss Kentucky Statutes, Section 4899, and cited no authorities to support the ruling, but this is not of materiality, since the question raised here was not discussed; the sole contention of employer there being that since the injury from the accident only caused the loss of one eye, it was only liable for so much of the disability as was caused by the injury. We shall not endeavor to make a distinction since we find ample authority for concluding that here the apportionment of the award should have been made under Section 4899, Kentucky Statutes.

One of the first cases we had on the subject was Robinson-Pettet Co. v. Workmen's Compensation Board, 201 Ky. 719, 258 S. W. 318, 319, where claimant had met with an injury which was compensable under the law, but from early childhood had been afflicted with a spinal disease, "lighted up" by the subsequent accident. The Board found claimant entitled to disability "due both to pre-existing disease and to an accident." The Board allocated the award, but allowed it for the total of eight years, and we upheld the award. Whether the allocation should have been made under Statutes 4897 or 4899 was not discussed.

However, in referring to the Robinson Pettet case in United States Coal & Coke Co. v. Jones, 261 Ky. 235,

87 S. W. (2d) 366, where there was previous disease, followed by compensable injury, and where award had been apportioned under Kentucky Statutes, Section 4897, we said:

"The board regarded Section 4897, Kentucky Statutes, as the one governing this application, and it followed the case of Robinson-Pettet Co. v. Workmen's Compensation Board, * * * and entered the award stated. We are persuaded that is erroneous. We have in a later case, Wallins Creek Collieries Co. v. Jones, 214 Ky. 775, 283 S. W. 1067, applied Section 4899 to a case like this."

We then pointed out that the award should be made in compliance with that section, not to run for a longer period than 335 weeks.

In Ajax Coal Co. v. Collins, 269 Ky. 222, 106 S. W. (2d) 617, 619, in affirming an award we wrote:

"Section 4899 deals with cases of partial permanent disability, and this court has held that where a disability, though total, is due partly to pre-existing disease, and partly to the injury for which compensation is sought, compensation is payable under Section 4899 [Kentucky Statutes]," citing the United States Coke-Jones case, supra, and Starks Realty Co. v. French, 267 Ky. 255, 101 S. W. (2d) 946.

In the last named case we followed the ruling in the Wallins Creek case (214 Ky., 283 S. W.) and the United States Coal & Coke Co. v. Jones case, not overlooking the Robinson-Pettet case, supra, saying that we had approved the holding in the Jones case, although it was contrary to the holding in the prior Robinson-Pettet case, where the claim for partial permanent disability was allowed for 8 years, but the question whether or not there was a distinction between the period of compensation for total permanent disability resulting from the injury, and for only partial permanent disability resulting therefrom, was not raised or insisted on in that case.

In the light of these latter cases directly dealing with the subject, we are of the opinion that while the Board, under the meager proof, was justified in making the award, and in it as to proportions due by reason of

effects of injury and pre-existing disease producing the result, upon which question appellant offered little or no proof, it was in error in its application of Kentucky Statutes, Section 4897; it should have limited the period as provided in Kentucky Statutes, Section 4899.

The contention that calimant is not entitled to any award because he did not follow the doctor's advice to "keep off the injured knee," is not of merit. The proof is that the claimant did at times walk from one point to another, and occasionally do some light chores about the home. These are not shown to be of such sufficient character or importance as to call for an application of Kentucky Statutes, Section 4886, which prohibits compensation "by an unreasonable refusal, failure or neglect to submit to or follow any competent surgical treatment or medical aid or advice," to the extent that such failure or refusal "aggravated, caused or continued" the disability.

After careful consideration we have concluded that the judgment should be affirmed in part, and reversed in part with directions to remand the case to the Board for a modification of the award so as to conform to the provisions of Section 4899, Kentucky Statutes. The costs on appeal will be equally divided between the parties.

Affirmed in part; reversed in part.