## Bell Coal Co. v. Osborne et al.

December 6, 1946.

A. Joe Asher for appellant.

John Grady O'Hara for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

On May 1, 1944, the appellee, Hagan Osborne, sustained injuries to his right leg while employed in the mine of the appellant. It became necessary to amputate the leg a little above the mid portion of the right thigh. This was apparently the only injury sustained in the accident. However, some 16 or 17 years prior thereto appellee had received other injuries. He had suffered an injury to his left hand as a result of which he had a 95% partial disability of the second finger, and 75% permanent partial disability in the first finger. He also had suffered an injury to his right hand. He had lost a thumb of his right hand near the middle joint; the first finger between the knuckle and middle joint, and a portion of the palmar surface of the third, fourth, and little fingers of that hand. In addition to these injuries, appellee claims that his right side was injured.

It was stipulated that the appellee was injured by reason of an accident arising out of, and in the course of, his employment with the appellant; that the appellant had due and timely notice of the accident; that both the appellee and the appellant had elected to operate, and were operating, under the terms and provisions of the

Kentucky Workmen's Compensation Act; that the average weekly wage of the appellee was sufficient to entitle him to the maximum award of compensation under the act, and that the appellant had paid appellee compensation in the amount of $693.12 for compensation growing out of the accident. The appellant offered the appellee compensation for the loss of his right leg sustained in the accident. This was refused and claim was filed with the Workmen's Compensation Board, in which appellee claimed to be permanently and totally disabled. The Board, by its referee, entered award in favor of appellee finding him permanently and totally disabled.

Motion for Full Board Review was then filed by the appellant, and the Full Board concurred in the opinion of the referee in everything except the award. In lieu of the referee's award, the Full Board ordered that the appellee recover of the appellant "$15.00 per week for 500 weeks for total and permanent disability less 150 weeks at $12.00 per week for the loss of the right hand, and less 62.27 weeks at $12.00 per week previously paid as compensation for the loss to the left hand and less also the further sum of $693.12 paid on account of compensation."

From this Full Board award, the appellant filed a petition for a review of the matter in the Bell Circuit Court. From the judgment of that court affirming the opinion and award of the Full Board, the Bell Coal Company prosecutes this appeal.

Appellant insists that the lower court erred in its judgment in 4 particulars, namely: (1) The Court failed to rule upon written exceptions filed by appellant to the evidence for appellee in rebuttal. (2) The judgment of the lower court is contrary to the provisions of the Compensation Act in that it should have been confined to the permanent partial provisions rather than total disability provision. (3) The judgment is not supported by substantial evidence or any competent evidence, and is contrary to the Compensation Law. (4) The judgment fails to give the employer full and complete credit on account of amounts due and periods payable for former injuries.

In disposing of number 1 above, it will be necessary to state only that the court apparently reviewed and treated the evidence excepted to by the appellant as

though no exception had been filed. This treatment of that portion of the evidence was the equivalent of, or at least a tacit overruling of the exceptions.

In support of numbers 2 and 3, appellant cites, and apparently relies upon, Kentucky Cardinal Coal Corporation v. Delph et al., 296 Ky. 295, 176 S. W. 2d 886. It is insisted that since in that case we have indirectly construed the loss of a hand to mean physical loss, the award should be 65% of the weekly wage for 200 weeks for the loss of the leg as the appellee has not established the loss of a hand either in the light of the law or fact. Appellant is in error in that conclusion. See the case of Lehigh Construction Co. v. Womble, 251 Ky. 150, 64 S. W. 2d 479, cited in the Kentucky Cardinal Coal Corporation case.

Appellant next cites the case of Locomotive Coal Co. v. Jordan, 276 Ky. 123, 122 S. W. 2d 975, and insists that KRS 342.120 is not applicable because the first disability did not contribute to the present disability. This position is not well founded. There can be no serious doubt but that the previous injuries to the hands, considered alone, greatly handicapped the appellee. It is, likewise, obvious that the loss of the leg, considered apart from the former injuries, more seriously handicapped him. Each of them is a contributing factor to, and taken together, spell his present disability.

There appears to be sharp conflict in the opinion of the doctors as to appellee's capacity to work. It will require nothing more than a glance at the pictures introduced, and the supporting testimony, to convince one that the appellee is now permanently and totally disabled. This court has held:

"It is a well-settled rule that 'total disability' does not mean absolute helplessness or entire physical disability. It means loss of earning power as a workman, in consequence of the injury, whether the loss manifested itself in inability to perform such work as may be obtainable or inability to secure work to do." Olson v. Triplett, 255 Ky. 724, 75 S. W. 2d 366, 368.

See also Leckie Collieries Co. v. Branham et al., 275 Ky. 748, 122 S. W. 2d 776.

In Ajax Coal Co. v. Collins et al., 269 Ky. 222, 106

S. W. 2d 617, 619, we upheld the Board in its finding "that 10 per cent of his disability was due to a previous injury to his chest for which he drew compensation, and accordingly in making the award it allowed him the amount due under section 4897 for total disability, less the amount which had been paid to him, or to which he was entitled, for the prior injury." Since in the instant case the previous injuries to the appellee's hands contributed much to the present disability, it follows that KRS 342.120 is applicable. That section reads as follows:

"If a previously injured employe sustains a subsequent injury which results in a condition to which both injuries, or their effects, contribute, the employer in whose employment the subsequent injury is sustained shall be liable only for the compensation to which such resulting condition entitled the employe, less all compensation which the provisions of this chapter would have afforded on account of the prior injury or injuries had they been compensated for thereunder."

In disposing of the final contention of appellant it becomes necessary to determine what the presumed liability would have been for the previous injuries. This the Full Board in Review determined properly. We conclude, therefore, that in all the particulars set out above, the court below properly upheld the finding of the Full Board in Review.

The judgment is affirmed.