## Houser v. Coursey.

June 10, 1949.

626

Lovett & Lovett for appellant.

A. E. Boyd, A. E. Boyd, Jr., and Holland G. Bryan for appellee.

Opinion of the Court by Judge Latimer—Affirming.

Appellant, an elderly widow, who lives on the northeast corner of the intersecting streets of 8th and Olive in Benton, had crossed 8th Street, which is an east and west street, and was on the property of her neighbor, who lives on the southeast corner of 8th and Olive, when an automobile, traveling west on 8th, driven by appellee turned to the left on Olive Street and was driven over on the left-hand side of Olive Street, across the drain in the street on the east side, and into the yard where appellant was standing, striking appellant, knocking her to the ground, breaking both bones of the lower left leg, also breaking her right arm and tearing the ligaments loose in her right leg and thigh, and causing other wounds and lacerations about her body and person. She instituted this action against appellee alleging in substance the above facts.

Defendant filed answer in which he admitted striking the plaintiff with his automobile but denied any negligence on his part. He affirmatively pleaded that the accident was caused by the negligence and carelessness of Clarence R. Collie, who was driving a truck in a southerly direction on Olive Street, and that as defendant was crossing the intersection the truck operated by Collie was driven against his automobile knocking it to the left, spinning the steering wheel and jerking it from his hand and throwing the car against appellant thereby causing her injuries. He further alleged that the negligence of the driver of the truck was the sole cause of appellant's injuries.

Upon trial appellant introduced testimony sustaining the allegations of her petition. She then closed in chief on the assumption that having made out a prima facie case of negligence, it then devolved upon defendant to show that his negligence did not cause the injury.

Defendant then introduced affirmative evidence to show that the sole cause of the accident was the negligence of the driver of the truck, after which he closed.

Appellant then offered to introduce further evidence in explanation of, and in contradiction of the theory of appellee. This was rejected by the court on the ground that it was not rebuttal evidence in that it was not in denial of evidence offered by the defendant.

The cause was submitted to the jury. A verdict was returned in favor of the defendant.

Plaintiff below prosecutes this appeal urging reversal on two grounds: (1) The court erred by taking too narrow a view of rebuttal evidence, in that it refused to permit appellant to offer any affirmative evidence which would counteract and overcome the evidence of defendant. (2) Improper instructions and refusal to give instructions offered.

We are impressed with the position taken by appellant. In order to make out a prima facie case appellant did all that was necessary. Her position in the yard of the neighbor, the car of appellee being driven entirely to the left and off of Olive Street to its left is such that the thing speaks for itself. At that point the burden of carrying on shifted to appellee. His evidence then showed the negligence of the driver of the truck. It showed, that while crossing Olive Street, he had the right-of-way by being much nearer the intersection than was the driver of the truck. His testimony showed that the driver of the truck speeded up and ran into him, thus throwing his car to the left and into the plaintiff. In order to counteract this testimony appellant introduced as a witness the driver of the truck, who made denial of some of the statements of the appellee, and then when he was asked to explain what actually did happen the court sustained objection of appellee and held that this was not proper rebuttal. We have held that in cases similar to this, although the sole negligence of a third party was pleaded, it was not necessary for the plaintiff

to anticipate that the pleading would be supported by evidence, and it is not necessary for the plaintiff to present in chief evidence which would become necessary only in the event the defendant produced evidence in support of his pleading.

The general rule is stated in 31 C. J. S., Evidence, sec. 2, thus:

"Rebutting evidence is that which is given to explain, repel, counteract, or disprove facts given in evidence by the adverse party. It is that evidence which has become relevant or important only as an effect of some evidence introduced by the other side. Rebutting evidence means not merely evidence which contradicts the witnesses on the opposite side, but also evidence in denial of some affirmative fact which the answering party has endeavored to prove. It embraces all testimony which tends to counteract or overcome the legal effect of the evidence for the adverse party."

In the case of Reserve Loan Life Insurance Co. v. Boreing, 157 Ky. 730, 163 S. W. 1085, 1087, we said:

"In our opinion, this is too narrow a view of rebuttal evidence. Such evidence is not necessarily confined to proving or disproving facts testified to by the witnesses on the other side, but is none the less rebuttal evidence if it tends to counteract or overcome the legal effect of the evidence for the other side."

See also Duckworth v. Routt, 242 Ky. 30, 45 S. W. 2d 848.

Consequently, we conclude the court should have given more latitude in compliance with the rules above. But, we are immediately confronted with an insurmountable difficulty in that no avowal was made as to what the witness would testify. Such failure prevents us from judicially determining the propriety of the trial court's action. Without exception, we have held that in the absence of an avowal of what a witness would state, alleged error in a trial court's refusal to admit such evidence cannot be considered.

In Ray's Adm'r v. Standard Oil Company, 250 Ky. 111, 61 S. W. 2d 1067, 1070, we said:

"Some of the objections argued in brief in support

of this ground cannot be considered by us, even if there were merit in them, because there was no avowal as to what the witness would state and which is required by a mandatory rule of practice of such universal application as not to require the citation of cases in support of it.''

See also Murphy v. Phelps et al., 241 Ky. 339, 43 S. W. 2d 1010, and Globe Indemnity Co. v. Daviess, 251 Ky. 442, 65 S. W. 2d 456.

Consequently, we must reject appellant's first ground above urged.

Appellant's chief complaint concerning error in instructions is refusal of the court to give Instruction Z offered by appellant. Instruction Z, as offered, reads:

''You will find for the plaintiff in this case unless you shall believe from the evidence that the accident was caused by the sole negligence of the driver of the truck mentioned in evidence (if any negligence on his part there was.)''

The instruction given by the court correlative to the one offered above has to do with the duties of the driver of the truck, and concludes with this: ''And shall further believe from the evidence that the negligence of the driver of the truck mentioned in the evidence was the sole cause of the accident between the vehicles complained of, then the law is for the defendant and you will so find.''

Appellant apparently, by her offered instruction, takes the position that it was incumbent upon appellee to prove conclusively that the sole cause of the accident was the negligence of the third party. The confusion, if there is confusion, arises from the failure to recognize that the burden of proving the ultimate issue always rested with the appellant. She made out a prima facie case and only the burden of going forward with the proof shifted and it was the duty of defendant to show that he was free from negligence, and the burden was upon appellant to show that he was negligent.

We think the court properly refused Instruction Z and rightly cared for the situation in the instructions as given.

Wherefore, the judgment is affirmed.