# Tierney Mining Co. v. Myers et al.

Oct. 6, 1939.

Clyde R. Levi and William B. Arthur for appellant.

Walter E. Whitt and W. Scott Whitt for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER— Affirming.

This appeal is prosecuted from the judgment of the Pike Circuit Court affirming an award of the Workmen's Compensation Board to Charles Myers of $10.14 weekly for a period of 100 weeks for disability of 84.5% loss of vision in his left eye. The appellee, Myers, prosecuted a cross appeal from that judgment on the ground that the award should have been for the maximum amount of $12 per week for 100 weeks allowed by Section 4899, Kentucky Statutes, alleging his wages were sufficient to entitle him to the maximum award, and that his disability was both permanent and total.

We can dispose of the cross appeal in a few words and will direct our attention to its first. The Board found Myers had a deficiency of 4.5% in the vision of his left eye when he entered appellant's employ. It further found that after the accident there was 90% impairment of the vision in this eye. By subtracting the 4.5% impairment which existed before the accident, the Board determined Myers' impairment of vision in this eye as a result of the accident was 84.5%. Hence, Myers was awarded 84.5% of the maximum allowance of $12 per week, or $10.14 per week, for 100 weeks. The Board was correct in this as under Kentucky Statutes, Section 4901 Myers could not receive compensation for his preexisting 4.5% deficiency in the vision of this eye; Combs v. Hazard Blue Grass Coal Corp., 207 Ky. 242, 268 S. W. 1070. Therefore the judgment is affirmed on the cross appeal.

Appellant seeks to reverse the judgment sustaining the award of the Workmen's Compensation Board upon three grounds: 1. The loss of vision in appellee's left eye was due to cataract and not to a traumatic injury; 2. Appellee had a cataractous condition in his left eye at the time he received the traumatic injury and the loss of vision was the result of the trauma acting concurrently with the cataractous condition, therefore, the loss of vision should be apportioned between such pre-existing disease and the traumatic injury; 3. There is no evidence to support the findings of the Board that appellee's traumatic injury resulted in the loss of vision in his left eye.

Before Myers entered the employment of appellant, Dr. Thomas F. Taylor made a physical examination of him and his written report dated March 2, 1935, shows the vision in Myers right eye was 20—20, or normal, and the vision in his left eye was 20—30, or a deficiency of 4.5%. Dr. Taylor's report recites that after a careful examination he found that Myers had "no disease, injuries, abnormalities or deformities," and he recommended him for employment. Immediately after this examination, to-wit, March 4, 1935, Myers went to work for appellant. It is shown in the record that on October 14, 1937, he was struck in the left eye by a lump of coal about the size of a man's fist while he was "scrapping" coal with a pick in appellant's mine. He was treated for this injury on October 15, by Dr. J. E. Johnson, appellant's physician. Dr. Johnson testified the eye was red and there was a small scar, and the next day an ulcer developed. After treating Myers' eye for about ten days it healed and he went back to work in the mines.

Myers testified his vision was good before the accident but that within five days after returning to work following his treatment by Dr. Johnson, he lost all vision in his left eye. Dr. W. F. Leach, an ear, eye, nose and throat specialist of twenty-six years' practice, a witness for Myers, testified that he made an examination of Myers on May 14, 1938, and found him to be totally blind in his left eye; that there was a ruptured blood vessel and a rupture of the iris in this eye; that "he could have been born that way or struck on the globe of the eye by a blunt instrument." Dr. Leach further testified Myers' blindness was both complete and perma-

nent; that he could not state what caused this blindness but that Myers had no cataract; that if Myers had practically normal vision in this eye before the lump of coal struck him, the lick could have produced his injury. Doctors Blaydes, Williams and Moore, ear, eye, nose and throat specialists, all contradict Dr. Leach and diagnose Myers' trouble as due to cataract and not to the trauma. Dr. Moore testified that Myers claimed to be unable to see anything out of his left eye, although he had the perception of light, but it was his opinion the loss of vision was not as great as Myers claimed.

We have a direct conflict in the testimony as to the cause of Myers' loss of vision and the extent thereof. It is hardly necessary to cite authority for the rule that the courts are not concerned with how much the evidence preponderates against the claimant, the findings of the Workmen's Compensation Board are conclusive on the courts where they are based on any evidence of relative consequence having the fitness to induce conviction and are not merely vague, uncertain or irrelevant. Harvey Coal Corporation v. Pappas, 230 Ky. 108, 18 S. W. (2d) 958, 72 A. L. R. 473. In the late case of American Rolling Mill Company v. Pack, 278 Ky. 175, 128 S. W. (2d) 187, there was no evidence to support the Board's finding and we set it aside, but in the instant case there is sufficient evidence to support the finding of the Board. This court cannot say the finding of the Board, that Myers' loss of vision in his left eye was complete and that it was caused by the trauma, is not supported by any evidence merely because three doctors contradict Dr. Leach and testify the blindness was not complete, and that cataract was the cause of what impairment of vision Myers suffered.

The board found Myers' loss of vision was due entirely to the trauma and not to cataract, therefore, there is no basis for the contention of appellant that there should be an apportionment of his loss of vision between the trauma and the alleged preexisting cataractous condition.

Exceptions were filed by appellant to certain testimony introduced by appellee and we are requested to pass upon the lower court's ruling on these exceptions. We decline to do so for the reason that if all the testimony to which appellant is excepting to should be excluded, the result of our decision would be the same, as

there still would be ample evidence upon which to sustain the finding of the Board.

Judgment affirmed on both appeal and cross appeal.