**MARY HELEN COAL CORP.**

v.

**ANDERSON et al.**

Court of Appeals of Kentucky.

Dec. 11, 1953.

James Sampson and Edward G. Hill, Harlan, for appellant.

J. Leonard Davis, Harlan, for appellees.

STEWART, Justice.

This action was instituted before the Workmen's Compensation Board by Floyd Anderson against Mary Helen Coal Corporation, pursuant to the applicable provisions of KRS Chapter 342, to recover for a disability brought on by a back injury he allegedly received on April 2, 1951, while in the course of his employment by the corporation. By an amended application, Anderson joined E. C. Willis, Commissioner of Industrial Relations, as a party defendant. This procedure was adopted in order that any award could be apportioned should the Board have determined that Anderson's disability was due to a former injury. The case was heard on depositions and the testimony contained therein developed the following facts.

Anderson had been employed by the Mary Helen Coal Corporation as a coal loader off and on for some three and one-half years prior to his injury. On April 2, 1951, while attempting to move a piece of rock about two feet square, he twisted his back severely. He was unable to continue his duties and with the assistance of several fellow workers he was taken to his car. With some difficulty, he drove home. On the same day his wife, with the help of a

neighbor, took him to the company physician, who gave him pain pills or shots. The accident was reported immediately. A short time later, Anderson requested compensation, but the corporation refused his request. He then attempted to return to his job, and actually worked as a coupler on a duck bill for eight days, but severe pain in his back and legs compelled him to discontinue his new occupation.

It was brought out that Anderson had suffered a similar back injury in 1942, while in the employ of a shipyard in Baltimore, Maryland. He was treated there at Johns Hopkins Hospital where an operation was performed for the purpose of removing a herniated disc from his spine. The operation proved successful, and after a rapid recovery, Anderson continued his work at the shipyard. Later, he worked for a year on a farm in Tennessee. Subsequently, he was employed intermittently by appellant until the occurrence of the accident. At no time since his recovery in 1942 had Anderson been unable to perform manual labor of all types. The foregoing facts are not contradicted in the record.

On November 7, 1951, Anderson was examined by Doctor Theodore H. Vinke, an orthopedic surgeon of Cincinnati, Ohio. On December 18, 1951, this doctor ran a myelogram test on him. Doctor Vinke testified his examinations revealed that Anderson had a protruded intervertebral disc in his spine. He estimated that Anderson's disability resulted primarily from the later injury, although he was of the opinion the prior injury was responsible for 20 to 25 per cent of the disability.

On February 4, 1952, at the instance of the corporation, Anderson went to Louisville and permitted himself to be examined by two doctors. One of these, Doctor Ludwig H. Segerberg, a neurological surgeon, testifying in behalf of the corporation, stated that, after reading the X-rays and making a complete examination, he believed that appellant did not have a herniated disc. He admitted he did not find Anderson's spine to be completely normal, but he was of the opinion that the removal of some

bone by the 1942 operation caused this. That same day, Anderson was examined by Doctor Kirwan Armand Fischer, an orthopedic surgeon of the same city, whose findings supported those of Doctor Segerberg.

Doctor Frank H. Mayfield, a neurological surgeon of Cincinnati, Ohio, testified for Anderson in rebuttal. This witness examined Anderson twice and found him to be suffering from a herniated disc. In this physician's opinion Anderson's disability was total and, in addition, due solely to his injury of April 2, 1951. He recommended surgery to remove the disc and thereafter a bone graft.

On May 6, 1952, pursuant to a motion made by appellant and in accordance with KRS 342.121, the Board set aside submission of the case and ordered Anderson to submit to an examination by a medical panel composed of Doctors Kearns R. Thompson and Ralph J. Angelucci of Lexington. Briefly speaking, the panel made no specific diagnosis of Anderson's condition. The two doctors felt he had not had adequate treatment and they thought he should be hospitalized. They recommended that a myelogram be performed on him and that "exploratory procedure should be carried out for the unequivocal elimination of a disc." The panel report concluded in these words: "If a disc is present at the time of exploration, his entire problem is the result of his second injury; if disc is not ruptured, spine fusion can be felt necessary as 50% on the basis of the latter injury and 50% on the basis of his former injury."

The referee, upon considering the panel's report and finding it indefinite and conditional as to the degree of disability caused by each injury, turned to the medical testimony in its entirety as an aid in reaching his decision. He determined that Anderson was totally disabled for the performance of hard manual labor and that the disability was caused solely by the accident of April 2, 1951. Anderson was awarded full compensation, unless and until it could be shown by an exploratory operation that the findings of the referee were incorrect. Anderson was further adjudged entitled to

recover medical expenses already paid by him, as well as a reasonable amount for necessary medical outlay in the future, the latter sum not to exceed $2,500. This award was upheld on a full Board review and the circuit court affirmed.

■ The corporation contends the judgment of the lower court is erroneous in approving the award of the Board, which, according to it, is not based upon the findings of the medical panel, as KRS 342.121 requires.

We fail to see how the Board can be bound, as the corporation argues, when the panel utterly failed to make a single finding on any medical question, as is the case here. The report was inconclusive in every respect except, and this is to be noted, the panel definitely stated that, should a herniated disc be discovered in Anderson's spine, his disability would be attributable entirely to the second injury. Moreover, we cannot overlook the panel's recommendation that a myelogram test be made.

The report of the panel, to which we have just referred, left the Board no alternative but to consider all the other testimony in order to determine the medical question involved; that is, whether Anderson was suffering from a herniated disc as a result of his recent injury and whether this condition rendered him totally disabled. In so doing, the Board could not properly overlook the fact that Doctor Theodore H. Vinke testified he had made a myelogram test, which established to his satisfaction that a herniated disc was present. This proof was supported by the testimony of Doctor Mayfield who stated in addition that Anderson's disability was total and due solely to his injury of April 2, 1951.

■ In view of this evidence, the Board could properly determine as a matter of fact that Anderson is totally disabled for the performance of hard manual labor caused entirely by the second accident. The findings of the Board on questions of fact will not be set aside on appeal if, as in this instance, there is any substantial evidence of probative value to support them. See H. Smith Coal Company v. Marshall, Ky., 243 S.W.2d 40.

Our conclusion on the above point makes it unnecessary for us to consider the question of pleading raised by Anderson.

Wherefore, the judgment is affirmed.