**INTERNATIONAL HARVESTER COMPANY, Appellant,**

v.

**Hugh T. POFF and Kentucky Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 23, 1959.

Rehearing Denied Feb 26, 1960.

———◆———

James Sampson, William A. Rice, Harlan, for appellant.

Julian H. Golden, Golden, Helton & Golden, Pineville, for appellees.

STEWART, Judge.

This is an appeal from a judgment confirming an order of the Workmen's Compensation Board awarding full compensation to Hugh T. Poff. The award was based upon permanent and total disability resulting from injuries suffered in an accident by Poff while in the employ of International Harvester Company (herein called "the company").

The pertinent facts in this case, shown either by stipulation or by uncontradicted evidence, are: On October 15, 1952, Poff received an injury to his left eye by accident, which arose out of and in the course of his employment with the company, and as a consequence the sight of the left eye was destroyed and it was necessary to enucleate, or take out, the eyeball. He was paid for the loss of this organ total compensation of $2,880 in 120 weekly installments, pursuant to the terms of KRS 342.-105(20); and he also received temporary total disability amounting to $208.29.

Poff sustained another compensable impairment on February 1, 1956, while in the employ of the company, with the result that both his legs were severely mangled and his right leg above the knee had to be amputated. Both Poff's and the company's physicians testified that the injuries Poff received to his two legs, independently of the loss of the left eye, would totally and permanently disable him.

The proof disclosed that after Poff's first injury in 1952, he was reemployed and put to work in the company's railroad repair shop. It is claimed this type of labor was much lighter than the work he had done before his original injury. It was also stated he did not work with the rest of the crew in the repair shop because, according to his foreman, he could not be expected to "come up" with his part of the load.

The company paid Poff $27 per week for 23 weeks following the accident, then reduced the installments to $24 per week for the next 26 weeks, and then stopped all payments. On February 1, 1957, Poff filed with the Workmen's Compensation Board an application for an adjustment of his claim for disability benefits. On January 21, 1958, the referee rendered his opinion, order and award, in which he found that at the time of the 1956 accident Poff was previously disabled to the extent of 25% permanent partial disability to the body as a whole, due to the loss of his left eye, and further found that the accident of February 1, 1956, *in itself* caused Poff to suffer 100% total disability to the body as a whole. The referee adjudged that Poff could recover from the company maximum compensation for 319 and ¾ weeks, plus

medical expenses not to exceed $2,500. This award gave the company credit for the previous remuneration made to Poff for the loss of his eye.

Both Poff and the company applied for a full Board review. The Board found that Poff sustained a traumatic injury on February 1, 1956, which caused total and permanent disability to the body as a whole. The Board ordered the company to pay Poff total disability compensation and determined that the company should not be permitted to deduct the amount theretofore paid to Poff for the loss of his eye. Upon the company's appeal to circuit court, wherein it requested that the referee's holding be upheld, the award of the Board was confirmed, as heretofore mentioned.

In asking for a reversal of the judgment, the company renews its contention that the compensation awarded Poff for his 1952 injury should be credited against the award allowed by the Board for his 1956 injury. The company maintains Poff, at the time of the 1956 injury, was not a whole man but a disabled one, due to the destruction of his sight in the left eye and the removal of the eyeball. Part of this man, it argues, had already been paid for by the company when it made settlement for the first injury.

In Larson's Workmen's Compensation Law, vol. 2, sec. 59.42, p. 67, this statement appears which seems to us to answer the foregoing contention of the company:

"The capacities of a human being cannot be arbitrarily and finally divided and written off by percentages. The fact that a man has once received compensation as for 50% of total disability does not mean that ever after he is in the eyes of compensation law but half a man, so that he can never again receive a compensation award going beyond the other 50% of total. After having received his prior payments, he may, in future years, be able to resume gainful employment. If so, there is no reason why a disability which would bring anyone else total permanent disability benefits should yield him only half as much."

The company directs our attention to Tierney Mining Co. v. Myers, 280 Ky. 5, 132 S.W.2d 312, and Combs v. Hazard Blue Grass Coal Corp., 207 Ky. 242, 268 S.W. 1070, two cases in which the Board granted an employer credit on an award for a prior impairment of an eye in each instance, but both these cases were practiced under the "Subsequent Injury Statute" (formerly Section 4901 of Ky.Stat., and now KRS 342.120); and the allowance of a deduction from the awards for a pre-existing infirmity was properly made under this statute in both cases. The Subsequent Injury Statute was not, and could not be, invoked in the case at bar.

It is our view this Court has never had before it the problem presented in this appeal. Nevertheless, the company insists that Hardy Burlingham Mining Company v. Sawyer, Ky., 254 S.W.2d 350, 352, is squarely in point and is therefore controlling. In that case the employee had previously lost the sight of a right eye for which he had been paid compensation. A later injury, occurring while working for the same employer, caused a fracture of his right leg, which the Board held, standing alone, permanently and totally disabled the man. In the course of the opinion in that case, we said: "Appellant (meaning the employer) was given credits for payments theretofore made on account of both injuries." This quoted language had no relevance to any of the questions raised and answered in that case on the appeal here. It appears to be nothing more than a simple factual statement gratuitously lifted from the Board's record. Accordingly it has no binding effect on this Court.

In the case at bar we have a finding of the Board, based upon competent and sufficient evidence that Poff's injury of February 1, 1956, in and of itself, produced total and permanent disability, which

required an award to be made under KRS 342.095. It is the general rule that any finding of the Board on a question of fact will not be set aside on an appeal to either the circuit court or this Court if, as is the situation here, there is any substantial evidence of probative value to support it. See Mary Helen Coal Corp. v. Anderson, Ky., 262 S.W.2d 841, and H. Smith Coal Company v. Marshall, Ky., 243 S.W.2d 40.

 We conclude by observing that we have discovered nothing in KRS 342.095, nor in any of the other provisions of KRS Chapter 342, under the evidence presented in this case, that would authorize a reduction of Poff's present award to the extent of the amount of compensation he heretofore collected for his eye injury.

Wherefore, the judgment is affirmed.