**Bertha DUPRIEST et al., Appellants,**

**v.**

**TECON CORPORATION, Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1965.

Charles A. Williams, Paducah, for appellant Bertha Dupriest.

Robert Matthews, Atty. Gen., Frankfort, for appellant Workmen's Compensation Bd.

David R. Reed, William E. Scent, Reed & Scent, Paducah, for appellee.

CLAY, Commissioner.

In this workmen's compensation case the Board awarded the widow of an employee maximum compensation. On appeal to the circuit court the award was set aside. The principal question on appeal is whether there was substantial evidence to support the finding of the Board.

The decedent, 49 years of age, collapsed while working and died as a result of heart failure. At the time he was assisting in the loading of steel piling on a truck, which was being done by means of a crane. It was a hot day and he was sweating (as we assume were his fellow employees).

Decedent's health had been generally good, but in the month prior to his attack he had consulted a doctor on four occasions, complaining of ill health. The doctor's diagnosis was not specific but he did find the decedent to be suffering from low blood pressure. On his next to last visit to the doctor, four days before his death, he complained of weakness and excessive sweating one day while at work.

Four doctors testified for the employer. They all agreed, generally, that decedent suffered from pre-existing coronary artery disease and that his death was attributable to either a coronary occlusion or thrombosis. They saw no causal relationship between his work and the attack. The doctor testifying for the claimant attributed the death to ventricular fibrillation. According to his theory the ventricular fibrillation could have been caused by an electrolyte imbalance, which in turn could have been caused by excessive sweating. Thus this doctor concluded that the death could have been work connected.

The Board, acting under KRS 342.121, submitted certain medical questions to an independently appointed doctor, Dr. Tufts. This doctor assumed that decedent died from the consequences of a coronary artery disease that was latent and nondisabling prior to the day of the attack. He found no prior permanent disability and concluded that the permanent disability was 100 percent the result of the attack.

The question to be answered is whether there was substantial evidence that the death was work connected. There does not appear to have been any specifically strenuous activity at the time of decedent's

collapse such as appeared in Terry v. Associated Stone Co., Ky., 334 S.W.2d 926, and Grimes v. Goodlett and Adams, Ky., 345 S.W.2d 47. In those cases the medical evidence was sufficiently substantial to indicate a reasonable probability that the work caused or contributed to the injury. We reached an opposite result in Kelly Contracting Company v. Robinson, Ky., 377 S.W.2d 892, where the strongest inference that could reasonably be drawn from the medical testimony was that the work was a *possible* cause.

The one item of evidence in this case favorable to the claimant (contrary to that of four other reputable physicians) is based on a different factor causing death, but this doctor could not with any degree of certainty trace it to the decedent's employment. The closest he came was when asked: "Doctor, would that be contributed to or precipitated by his work effort?" Answer: "If the work effort was causing him to perspire heavily and so on, yes." There was no evidence that the decedent was perspiring heavily and we do not know what the doctor had in mind by his expression "and so on". This doctor's testimony was speculative in character, and suggested a possibility rather than a probability. It was not of sufficient substance to permit a reasonable inference that the job activity made any substantial contribution to decedent's death. There was nothing else to support the Board's award.

The other question in the case involves the effect of Dr. Tufts' report. The purpose of the physician's report provided for by KRS 342.121(3) is to apportion disability between a subsequent injury and a prior existing disability or latent, nondisabling disease. Dr. Tufts' report recognized a latent, nondisabling, coronary artery disease, but did not apportion liability between this disease and the subsequent attack. It was really inconclusive, and contributed nothing on the issue of whether the death was work connected.

The judgment is affirmed.