Carl CABE, Commissioner of Labor, etc., Appellant,

v.

James A. TOLER et al., Appellees.

James A. TOLER, Cross-Appellant,

v.

Carl CABE, etc., et al., Cross-Appellees.

Court of Appeals of Kentucky.

Jan. 27, 1967.

------♦------

Paul D. Rehm, Versailles, Martin Glazer, Dept. of Labor, Frankfort, for appellant and cross-appellees.

M. B. Fields, Hazard, for appellee and cross-appellant, James A. Toler.

J. W. Craft, Jr., Craft & Haynes, Hazard, for appellee, Commonwealth, Dept. of Economic Security.

J. Keller Whitaker, Robert Matthews, Atty. Gen., Frankfort, for Workmen's Compensation Bd.

STEINFELD, Judge.

James A. Toler worked on a farm in 1963 and had last worked in coal mines in 1964 after which he attended a small garden at his home. Thereafter he sought no gainful employment until he was employed by the Department of Economic Security of the State of Kentucky (hereinafter called Department) in the Unemployed Father's Program. He had been working in that program for about three months, when on July 9, 1964, while he was riding on a truck carrying lumber, the load slid causing Toler to fall and be injured. He was taken to the Appalachian Hospital in Hazard, Kentucky for treatment.

Toler filed a claim for benefits under the Kentucky Workmen's Compensation Act. It was stipulated by Toler and the Department that the Department had elected to and was operating under that Act; that Toler had received an injury which arose out of, and in the course of his employment; and that due and timely notice of the accident and injury was given to the employer. Lay and medical testimony was introduced by Toler, and medical testimony by the Department. Later the Department moved the Workmen's Compensation Board (hereinafter called Board) to make Carl Cabe, Commissioner of Labor, Custodian of the Special Fund (hereinafter called Commissioner) of the Commonwealth of Kentucky a party to the proceedings under KRS 342.120(1) (b). The motion was sustained and the Commissioner was made a party defendant. The Special Fund was formerly called Subsequent Claim Fund.

The Board found that Toler was totally and permanently disabled and that his average weekly wage was $26.54. It awarded him $17.25 per week so long as he continued to be totally and permanently disabled, but not exceeding 425 weeks, together with medical, surgical and hospital expenses. The Board also found that the entire award should be paid by the Department and dismissed the Commissioner.

The Department filed a petition for review in the Perry Circuit Court. KRS 342.285. The Court reversed the Board, and remanded the action with directions that the entire award be assessed against the Special Fund. It also found that the average weekly wage was $18.90 and directed the Board to enter an award according to its findings.

The Commissioner appealed to this Court, claiming among other things, that the lower court substituted "its judgment for that of the Board as to the weight of the evidence on questions of fact."

Appellee, Department, contends that "the sole question to be determined by this appeal is whether or not there is any reliable or probative evidence to sustain the Board's finding."

A cross-appeal was filed by Toler, in which he claims that the average weekly wage of $26.54 as determined by the Board

should be sustained. The Department and Commissioner contend that the amount awarded by the Board was incorrect and that the average weekly wage of Toler was only $18.90. There is no contention that Toler was not totally disabled by the accident.

KRS 342.285 stated that "An award or order of the board as provided in KRS 342.275, if application for review is not filed as provided for in KRS 342.280, shall be conclusive and binding as to all questions of fact * * *". KRS 342.285 authorized either party to appeal by petition and state "fully the grounds upon which a review is sought, and assign all errors relied on." The petition for review which was filed in the lower court claimed that the Board acted excessively; that the decision and award did not conform to Chapter 342 of the statutes; that the award was "clearly erroneous on the basis of reliable, probative and material evidence contained in the whole record;" that "The decision and award (was) arbitrary, capricious and characterized by abuse of discretion" and was not warranted. It also charged that "The Board erred in finding" the average weekly wage of Toler to have been $26.54. It claimed that the Commissioner should not have been dismissed. The jurisdiction of the circuit court was limited by KRS 342.285(3).

■ The issue of the amount of the award having been properly before the circuit court, it had the authority to determine whether or not the Board fixed the correct amount. KRS 342.285(3)(c).

■ This case is controlled by the provisions of KRS 342.140(1) prior to the amendment which became effective August 1, 1964. At that time the statute directed that "Compensation shall be computed at the average weekly wage earned by the employee at the time of injury reckoning wages as earned while working at full time.

'At full time' as used herein means a full working day for five days in every week of the year regardless of whether the injured employee actually worked all or part of the time * * *". Since there was no evidence regarding Toler's wages except a stipulation that he was earning $115.00 per month, the average weekly wage should have been determined by dividing 52 into $1,380.00, the result being $26.54, the amount correctly determined by the Board.

We now come to the issue of whether or not the Special Fund should be required to pay all or any part of the award. KRS 342.120(1) provided that on application of the claimant or either party the "Subsequent Claim Fund" now called the "Special Fund" may be made a party to the proceedings, and when made a party the Board must determine whether or not the degree of disability was "caused by the combined disabilities" and if so, whether the disability "is greater than that which would have resulted from the subsequent injury or occupational disease alone." KRS 342.120 (3). In KRS 342.121 the Board was directed to refer controversial medical questions to a physician appointed by the Board who should investigate and report to the Board on the medical questions involved. The latter statute provided that the physician appointed by the Board should determine and furnish information to the Board for an apportionment of liability between the employer and the Subsequent Claim Fund and should report "in writing with respect to all medical questions at issue or necessary to the apportionment of disability between the subsequent injury and the prior existing disability at the time of employment." The report of Dr. Marion G. Brown did not furnish the information required by the statute. Mary Helen Coal Corp. v. Anderson, et al, Ky., 262 S.W.2d 841. It said " * * * this man in this present condition is, of course, totally disabled and apparently was able-bodied at the time of the injury event. Therefore, it is medically reasonable that this event

is the cause of his disabled condition, whether this is emotional or organic." He recommended that further studies be made to give the Board the information it needed to answer the question. The Commissioner did not except.

The medical testimony of the other four physicians is just as inconclusive. The doctors generally agreed that it was *possible* that the injury of July 1964 aroused a dormant condition, but there is no testimony, either lay or professional, that this was more than a possibility. Therefore, neither the Board nor the circuit court had before it substantial and competent evidence required for "the proper apportionment of liability." Dupriest, et al v. Tecon Corporation, Ky., 396 S.W.2d 778.

Even if it be conceded that there was a conflict in evidence before the Board (which we do not find) neither the circuit court nor this Court could determine the weight of that evidence. Neagle v. State Highway Department, Ky., 371 S.W.2d 630. The circuit court was in error in finding that "a dormant, non-disabling disease condition was aroused or brought into disabling reality by reason of" the accident and injury to Toler.

The Department in its petition for review to the circuit court claimed that "The Board erred as a matter of law in dismissing the application as to the Special Fund." This was a sufficient allegation to perpetuate the exceptions it filed to the report of Dr. Marion G. Brown, which exceptions the Board "passed to the consideration of the case on its merits." It is our opinion that the lower court was in error in not returning the case to the Board with directions to sustain the exceptions and to follow KRS 342.121.

The judgment is reversed with directions that this claim be referred to the Board for action in conformity with this opinion.