Ollie Rose ISAACS, etc., et al., Appellants,

v.

**CEDAR CREEK MINING COMPANY,
et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 27, 1968.

James Bates, Dry Creek, Cordell H. Martin, Hindman, for appellants.

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, for Cedar Creek Mining Co.

CLAY, Commissioner.

This workmen's compensation claim was filed by the widow and child of Raymond Isaacs, who worked as a coal miner for the appellee company. The Board dismissed the claim on the ground that Isaacs' death was not attributable to his employment. The circuit court affirmed the Board's ruling.

On July 28, 1965, while shoveling coal, Isaacs collapsed and was sent to a hospital where he was treated for approximately a week. He was then discharged and the attending physician testified that he was "in completely good condition". He had been suffering from severe headaches and the attending physician diagnosed an intra-

cranial aneurysm, which is the dilation of a blood vessel. This apparently can occur at any time under almost any conditions. The physician who first attended Isaacs expressed the opinion that his condition was "in no manner at all" related to his work.

Isaacs returned to his home, and there is evidence these headaches continued. On August 20 he was sent back to another hospital. He died the following day, and the cause of his death was determined to be intracranial hemorrhaging resulting from the rupture of a blood vessel. Doctor Holbrook, who last attended Isaacs, was of the opinion that "there might be or could be" a causal relationship between the initial aneurysm and Isaacs' work.

The controlling issue in this case was whether Isaacs' eventual death resulted from an accident arising out of his employment. From our above recitation, it is apparent there was competent conflicting medical testimony on this point. Assuming that Dr. Holbrook's testimony was sufficient medical proof that Isaacs' work caused or contributed to his death, which is questionable,[1] it was the function of the Board to draw relevant inferences from all the evidence and to determine the issue. Elkhorn Coal Company v. Adams, Ky., 313 S.W.2d 421. Appellants contend that the Board would have been justified in finding for them. That may be true, but there was positive evidence that Isaacs' death resulted from a natural cause and was not work connected. Since the burden was on the claimants, the finding against them by the Board must be upheld unless the evidence required as a matter of law a finding in their favor. Porter v. Goad, Ky., 404 S.W.2d 795. Obviously it did not.

The judgment is affirmed.

All concur.

OSBORNE, Judge (concurring).

I concur in the result reached by the majority opinion but I do not believe there was any evidence that there was an injury arising out of the employee's employment, and had the Board found otherwise, in my opinion the award would have to be reversed.

1. See Dupriest v. Tecon Corporation, Ky., 396 S.W.2d 778.