**John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, et al., Appellants,**

v.

**Harold Lloyd MOORE et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 6, 1970.

Martin Glazer Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, Fred G. Francis, Prestonburg, for C–74 Columbia Coal Co.

W. W. Burchett, Prestonburg, for Harold Lloyd Moore.

REED, Judge.

This is a workmen's compensation case in which the only issue is whether the board correctly determined the average weekly wage of an employee who incurred a compensable occupational disease. A formula by which such determination must be made is provided by KRS 342.140. The circuit court upheld the board's finding, but we believe the questioned finding is clearly erroneous. Therefore, we reverse the circuit court's judgment with directions to conform the finding to the only relevant evidence in the record that pertains to the employee's earnings which determine compensation benefits for disability from a compensable occupational disease.

From conflicting medical evidence, the board found that appellee, Harold Lloyd Moore, was totally and permanently disabled by reason of the occupational disease,

pneumoconiosis. A finding from uncontradicted evidence was made that his employer at the time of his last injurious exposure preceding disability from the compensable disease was appellant, C–74 Columbia Coal Company. All parties concede that the liability for payment of compensation benefits under the evidence herein rests with the appellant, Special Fund, as found by the board, and that the board's imposition of liability for medical expenses upon C–74 Coal Company was correct.

The board's opinion recited: "All prerequisites to justify the payment of the maximum compensation have either been stipulated or established." Based upon this recitation, the board awarded Moore compensation benefits against the Special Fund at the rate of $47.00 per week for a period of 425 weeks. The only stipulation in the record as to wages is one which actually summarized Moore's testimony concerning his earnings while employed by C–74 Columbia Coal Company.

Moore testified that while employed by C–74 Columbia Coal Company he was paid by the car; that during this period of his employment he was paid at the rate of $2.50 a car; that a car contains about 2½ tons of coal; that his rate of compensation was, therefore, about $1.00 per ton. Moore agreed to furnish his tax withholding statements from this employer. Moore also said that after leaving employment with C–74 Columbia Coal Company because of his disability he attempted to work for Old Circle Coal Company. He had to give up the attempt after a short period because of his diseased condition. He had not received withholding statements from Old Circle at the time of his testimony. In reply to a question concerning his earnings which did not specify from which employer, he said that he received $1.80 per ton, and that if he worked a full week, he averaged about $16.00 per day. This testimony was given on November 21, 1968.

The transcript of this testimony was filed with the board on January 15, 1969. On February 13, 1969, a written stipulation between Moore and C–74 Columbia Coal Company was filed with the board. The stipulation recited that Moore's average weekly wage during his employment by C–74 Columbia was $33.44 as computed in accordance with the formula prescribed by KRS 342.140. It further recited: "This would permit a maximum recovery of $22.29 per week if an award should be made in this case." Therefore, it is apparent that if there is any evidence in the record to corroborate Moore's testimony that he averaged $16.00 a day or $80.00 a week, in contradiction of the later stipulation, such earnings had to be derived from employment other than that with C–74 Columbia Coal Company.

KRS 342.140(1) (d) requires that the average weekly wage of the employee disabled by occupational disease be computed on the basis of earnings received from the employer in whose employment the disabled employee worked when the last date of injurious exposure preceding disability occurred. Moore's testimony as supplemented by his later stipulation established this average weekly wage was $33.44, and in event of an award the maximum amount of recovery was $22.29 per week. That was the only relevant evidence before the board concerning the issue.

Moore argues that KRS 342.140(7) sustains the board's finding. This provision requires that "full time work" be construed to mean a full working day for five days in every week of the year regardless of whether the injured employee actually worked all or part of the time. The argument fails for two reasons. First, there is no evidence that Moore worked less than full time or a five-day work week for C–74 Columbia. Second, this subsection of the statute is limited by its language to industries which do not ordinarily afford employment on a full working day—five days every week basis; this type of industry is to be specifically determined by the board. There is nothing in this record to establish

that either the coal mining industry or C–74 Columbia is the subject of such finding by the board.

Moore relies upon Cantrell by Stambaugh, Ky., 420 S.W.2d 677 (1967) and other cases decided prior to it. The Cantrell case and the earlier cases cited in it are not applicable. Those cases construed the effect of KRS 342.140 as it existed prior to its amendment in 1964. The opinion in the Cantrell case carefully pointed out that it expressed no view on the construction of the statute as a result of the 1964 amendments. The 1964 amended revision is applicable to this case, and the construction given herein is consistent with the rationale of Cantrell.

█ Moore's assertion that the stipulation should be treated as an agreement for compensation subject to the board's approval as required by KRS 342.265 is without merit. A stipulation that a fact exists is neither an agreement to pay compensation nor a final settlement of a compensation claim. We need not discuss whether the stipulation was binding in the nature of a judicial admission; it was simply the only relevant evidence as supplemented by testimony that existed on which the board could base a factual finding on average weekly wage. The board's finding was clearly erroneous. Cf. Cabe v. Toler, Ky., 411 S.W.2d 41 (1966). The award should be conformed to the evidence and this involves the simple change of "$47.00 per week" to "$22.29 per week."

The board's record certified to the court is incomplete. A petition for reconsideration filed by the Special Fund is omitted. No order disposing of the Fund's subsequent motion to correct clerical error is contained in the record. The board's recitation in its opinion that "all prerequisites to justify maximum compensation had been either stipulated or established" is a vague, conclusionary statement which is of no help to a reviewing court. The board is composed of attorneys who are doubtless aware of the weight given board findings upon

judicial review. It will be very helpful if the findings are expressed in reasonably specific fashion, and the record of the proceedings which is certified for review is complete.

The judgment is reversed, with direction to remand the case to the board for the entry of a correct award in conformity with this opinion.