John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund and Paul Ernest Myers, Appellants,

v.

KENTUCKY BAPTIST HOSPITAL and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

June 30, 1972.

Gemma M. Harding, Dept. of Labor, Louisville, for appellant Young.

Freeman B. Blackwell, Louisville, for appellant Myers.

Stuart E. Alexander, Louisville, for appellee Kentucky Baptist Hospital.

EDWARD P. HILL, Jr., Judge.

The award by the Workmen's Compensation Board allowed Paul Ernest Myers full compensation for total permanent disability following the loss of his right eye. He had lost the left eye when he was 12 years old. The award was entirely against the employer and released the Special Fund.

The employer appealed to the circuit court where judgment was entered remanding the case to the Board with directions to enter an award allowing Myers compensation for 100 weeks against the employer and 325 weeks against the Special Fund.

In 1969, Myers lost the sight of his right eye. It is to be noted at the outset that the extent of the liability of the employer is controlled by KRS 342.120(3) before it was amended by the 1970 Legislature.

■ The Special Fund has appealed to this court claiming in substance that any disability under which Myers was laboring by reason of the loss of the sight of his left eye, when he was 12 years of age, is noncompensable and should be deducted from the disability chargeable to the Special Fund. We agree.

In Cabe v. Stamps, Ky., 429 S.W.2d 361, we had a very similar factual situation in which this court approved an award for total permanent disability benefits limiting the liability of the employer to 100 weeks under KRS 342.105 and holding the Special Fund liable for the balance of the award. Since our opinion in Stamps, supra, this court has had at least two occasions to reevaluate apportionment under KRS 342.-120(3) and (4). Those two cases are Young v. Fulkerson, Ky., 463 S.W.2d 118 (1971), and Young v. Young, Ky., 460 S.W.2d 832 (1970).

All parties in this case agree that Myers is totally and permanently disabled and that he has complied with the procedures for presentation of his claim. The real argument centers around the apportionment of the liability for his compensation.

For convenience, we shall first determine the liability of the employer, Kentucky Baptist Hospital. Its liability is governed by an act of the Legislature embodied in KRS 342.120(3), the relevant part of which we quote herewith:

"* * * [T]he employer shall be liable only for the degree of disability which would have resulted from the latter injury or occupational disease *had there been no preexisting disability or*

*dormant, but aroused diseased condition.*" (Emphasis ours.)

 Clearly, under this statute, the liability of the employer is limited to the extent and consequence of the subsequent injury had there been "no preexisting disability." So if there had been no preexisting disability, Myers would have had a good left eye and would not have sustained total disability; in which event, his compensation would have been governed by KRS 342.105(20) as it existed prior to the amendment in 1970, known as the Price Tag Statute. He was entitled to compensation from his employer for a period of 100 weeks.

Next we come to the question of the liability of the Special Fund. In this query we return to KRS 342.120(4) from which we quote:

> "The remaining compensation for which such resulting condition would entitle the employe, including any compensation for disability resulting from a dormant disease aroused into disabling reality by the injury or occupational disease, but excluding all compensation which the provisions of this chapter would have afforded on account of prior disabling disease or injury had it been compensated thereunder, shall be paid out of the Special Fund * * *."

Of course, in the instant case, Myers sustained an injury (loss of left eye) which was not compensated therefor by anyone. Under the above statute, however, there must be excluded from "the remaining compensation * * * all compensation which the provisions of this chapter would have afforded on account of prior disabling * * * injury had it been compensated therefor." See Owens v. Kroehler Mfg. Co., Ky., 461 S.W.2d 103 (1970). The loss of an eye constitutes a disabling injury by definition. KRS 342.-105(20).

 One hundred weeks compensation should be paid by the employer and 100 weeks excluded for his first disabling injury, the balance is reimbursable by the Special Fund.

Insofar as this opinion is inconsistent with Cabe v. Stamps, supra, the latter is herewith overruled. However, one saving grace in Stamps that should be noted herein is the announcement for the first time that the loss of an eye in Stamps was declared to be disability under the *"otherwise"* phraseology of KRS 342.120(1) (a).

The judgment is reversed with directions to remand the case to the Board for appropriate findings consistent with this opinion.

All concur.