**Al J. SCHNEIDER, d/b/a Executive Inn Motel, et al., Movants,**

v.

**Curtis PUTNAM, Jr., et al., Respondents.**

Supreme Court of Kentucky.

March 20, 1979.

William P. Swain, Larry L. Johnson, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellants.

W. David Klingman, Frockt &.Klingman, Louisville, Donald Campbell, Director, Workmen's Compensation Bd., William F. Gadd, Dept. of Labor, Robert F. Stephens, Atty. Gen., Frankfort, for appellees.

PALMORE, Chief Justice.

The appellee, Curtis Putnam, Jr., at the age of 36 years, suffered a back injury while performing manual labor as a receiving clerk for food products at the Executive Inn in Louisville. At the time of the injury he had a pre-existing but as yet nondisabling degenerative condition of the spine. As a combined result of the injury and the dormant pre-existing condition it was necessary for him to have surgery to remove an intervertebral disc, with the further result that he is now totally and permanently disabled.

The Workmen's Compensation Board made an appropriate award for permanent total disability and apportioned the causation and consequent liability equally between the employer and the Special Fund. Cf. KRS 342.120.

The Special Fund did not appeal. The employer's successive appeals to the Jefferson Circuit Court and to the Court of Appeals proved unsuccessful. This court granted review in order to resolve an apparent inconsistency in principle between some of our opinions dealing with the sig-

nificance and effect of pre-existing disability.

The pre-existing disability in this instance was that Putnam has been almost blind since at the age of three years he sustained an injury that resulted in the complete loss of his left eye and left him with only 20/400 vision in the right eye. Nonetheless, as he grew older he finished high school and two years of college and at the age of 19 entered upon a working career as a hotel desk clerk. Later on he ran a small restaurant in Alabama for two years, worked eight years as a receiving clerk at the Watterson and Seelbach Hotels in Louisville, and then did similar work at the Executive Inn from 1970 until 1974, the date of the accident giving rise to this proceeding.

■ Semantics aside, the gist of the Board's ruling was that the claimant's blindness was irrelevant. The circuit court agreed, holding that under the "whole man" theory as exemplified in *Holman Enterprise Tobacco Whse. v. Carter,* Ky., 536 S.W.2d 461 (1976), compensation otherwise recoverable by reason of a work-connected permanent injury is not affected by a pre-existing handicap that "is not a contributing factor to the present work situation in which the injury occurred." The Court of Appeals treated the Board's conclusion · as tantamount to a finding "that the back injury, in and of itself, produced total and permanent injury," and on that premise held *Holman* and its precursor, *International Harvester Company v. Poff,* Ky., 331 S.W.2d 712 (1959), applicable.

The "whole man" principle is typically illustrated by the facts of *International Harvester Company.* Poff, the claimant, had lost an eye in 1952 as a result of an industrial accident for which he received workmen's compensation. That injury represented a 25% occupational disability. In 1956 he was the victim of another work-connected accident, as the result of which both legs were severely mangled and one of them eventually had to be amputated. Following this injury Poff was totally and permanently disabled. On the theory that the 1956 injury would have resulted in 100% disability regardless of whether Poff had been possessed of two eyes or only one, the

conclusion reached by this court, with Larson's Workmen's Compensation Law, Sec. 59.42, as supportive authority, was that he was entitled to the same amount of compensation as if he had been free of the pre-existing disability.

In so deciding *International Harvester Company,* the court distinguished two earlier decisions reflecting an opposite result upon the ground that they had been practiced under the Subsequent Injury Statute (now KRS 342.120)—in other words, that they were apportionment cases—and that is the very distinction the employer invokes in this proceeding, which also is an apportionment case.

The reason an apportionment case is different is that only in KRS 342.120, the apportionment statute, does the law expressly require that a pre-existing disability be excluded (in the form of a deduction) from the benefits otherwise payable as the result of a compensable injury or disease. This type of case is exemplified by *Young v. Kentucky Baptist Hospital,* Ky., 483 S.W.2d 148 (1972), in which the employe, having lost one eye when he was 12 years old, lost the other eye in an industrial accident, resulting of course in total permanent disability. The ruling there was that KRS 342.-120(4) required an exclusion reflecting the pre-existing disability. It should be observed, however, that the compensable accident would not have brought about a total disability except for the cumulative effect of the pre-existing handicap, the absence of an eye. In short, the pre-existing disability played a part, was a factor, in the residual disability, without which the ultimate disability would have been less than it was. That is not the situation in the proceeding now before us.

■ The opinion and award of the Workmen's Compensation Board leaves no doubt that it was premised upon a finding that Putnam's disability following the 1974 injury would have been the same regardless of the pre-existing limitations on his ability to see. The fact that the ultimate disability is attributable to two causes, the accident and the pre-existing degenerative condition of the spine, and therefore calls for an

apportionment between the employer and the Special Fund pursuant to KRS 342.120, should not and does not necessitate consideration of the pre-existing disability attributable to the workman's limited vision. Had his back been broken, or his legs or arms cut off, he would have been entitled to 100% compensation without regard to his previously-existing condition, and in that case the employer would have borne the entire liability. How can it be any different—and make sense—merely because liability is to be shared by the employer and the Special Fund? The answer is that it cannot, and that in referring to previous disability and "prior disabling disease or injury" KRS 342.120(3) and (4) contemplate only such pre-existing disabilities as are found to be contributing factors in the quantum or degree of occupational disability existing after the injury or disease-incident for which compensation is payable.

In short, if the disability caused by the compensable injury or disease would have been no less in any event, the pre-existing condition of the claimant is irrelevant and cannot constitute a pre-existing disability within the meaning of the workmen's compensation law.

This conclusion does not conflict with the principles and formula set forth in *Young v. Fulkerson,* Ky., 463 S.W.2d 118, 120 (1971), and in later enunciations of the same precepts, because we construe "the degree of occupational disability which existed immediately prior to the subsequent injury," cf. 463 S.W.2d at p. 120, as referring only to such previously-existing occupational disability as results in a greater degree of occupational disability than would now exist without it.

The judgment of the circuit court sustaining the award is affirmed.

All concur.