**Carol M. PALMORE, Acting Secretary of Labor Cabinet, Appellant,**

v.

**PEABODY COAL COMPANY; Leon Hulsey; and Workers' Compensation Board, Appellees.**

No. 90–CA–2065–S.

Court of Appeals of Kentucky.

Nov. 8, 1991.

Denis S. Kline, Madisonville, for appellant.

William P. Swain, Douglas A. U'Sellis, Louisville, for Peabody Coal Co.

Dick Adams, Madisonville, for Leon Hulsey.

Before McDONALD, STUMBO, and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from a judgment of the Muhlenberg Circuit Court affirming an opinion and award of the "old" Workers' Compensation Board. While employed by Peabody Coal Company, the appellee Leon Hulsey sustained a work-related injury to his lower back on December 9, 1980, and subsequently sustained a work-related injury to his neck on October 5, 1982. The claims were consolidated and the board in its initial opinion and award found the appellant permanently totally disabled and apportioned liability equally between the employer and the Special Fund. This court remanded the claims to the board for failure to make separate findings and apportionments as to each injury. *See Ligon*

*Preparation Plant Co. v. Hamilton,* Ky., 482 S.W.2d 762 (1972). On remand, the board found that the December 1980 back injury resulted in 40 percent occupational disability, and apportioned liability equally between the employer and the Special Fund. The board also found that the October 1982 neck injury independently resulted in permanent total disability and apportioned all liability for that injury to the Special Fund. The board terminated the employer's and the Special Fund's responsibility for payment on the 1980 injury as of the date Mr. Hulsey began to receive temporary total disability payments for the 1982 injury. The circuit court affirmed the opinion and award and this appeal followed.

■ This appeal raises interesting issues not addressed by the parties and we limit ourselves to the arguments presented. The Special Fund does not contest the board's findings on extent of disability or apportionment; however, it asserts that the benefits for the 1980 injury should continue for 425 weeks, and that the benefits awarded for that injury be credited against the award for the 1982 independent injury. The employer maintains that KRS 342.-730(1)(b) does not require a 425-week payment period for permanent partial disability benefits. KRS 342.730(1)(b) provides that income benefits for permanent partial disability be paid "for a maximum period, from the date the disability arises, of four hundred twenty-five (425) weeks." This statute provides that payment of permanent partial disability benefits be made for 425 weeks from the date of disability and a period of temporary total disability extends the 425-week period. *See Beale v. Shepherd,* Ky., 809 S.W.2d 845 (1991). We have not been favored with citation of statutory authority which would support the board's limiting the duration of benefits for the first award to less than 425 weeks. We likewise can find no such statute, other than KRS 342.125 which permits a reopening upon a showing of a change of occupational disability. Thus, contrary to the employer's contention, an award for permanent partial disability should continue for 425 weeks.

■ The employer also relies on the "whole man" doctrine, which holds that where a subsequent injury independently causes a worker's disability, benefits for a preexisting disability from a prior injury should not be deducted from the award for the subsequent independent injury. *See Schneider v. Putnam,* Ky., 579 S.W.2d 370 (1979); *International Harvester Co. v. Poff,* Ky., 331 S.W.2d 712 (1959). The "whole man" cases do not support the board's action for two reasons. First, this doctrine concerns the question of benefits due a claimant for a subsequent disability and not liability for payment as between different payors. *See Young v. Young,* Ky., 460 S.W.2d 832, 835 (1970). Furthermore, the rule of not deducting benefits for a prior award is inapplicable where payment periods overlap and receipt of the awards would exceed the maximum weekly benefit. *General Refractories Co. v. Herron,* Ky.App., 566 S.W.2d 433, 436 (1977).

The circuit court judgment is reversed and this case is remanded for proceedings consistent with this opinion.

All concur.