**CHISHOLM COAL COMPANY,**
Appellant,

v.

James DOWNEY; Johnny Matney; Thomas A. Nanney, Administrative Law Judge; Dwight T. Lovan, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 93–SC–368–WC.

Supreme Court of Kentucky.

Nov. 24, 1993.

Paul E. Jones, Baird, Baird, Baird & Jones, P.S.C., Pikeville, for appellant.

John W. Kirk, Raymond D. Kirk, J. Drew Anderson, Prestonsburg, for appellees Downey and Matney.

## OPINION OF THE COURT

This combined appeal concerns whether the provision in KRS 342.732(1)(a) that retraining incentive benefits "shall be payable for a period not to exceed two hundred and eight (208) weeks," permits the award of a retraining incentive benefit for a period of less than 208 weeks.

Both workers herein were awarded retraining incentive benefits pursuant to KRS 342.732(1)(a). In each case the employer argued that an award for a number of weeks less than the statutory maximum was justified because the evidence of whether or not the worker actually had contracted the disease was conflicting. The Administrative Law Judge (ALJ) was not persuaded that an award for a shorter duration was authorized and awarded benefits for the full 208 weeks. In each instance, that decision was affirmed by the Workers' Compensation Board (Board). The cases were combined on appeal to the Court of Appeals, and the Court of Appeals affirmed the Board in a two-to-one decision. Judge McDonald dissented because he believed that KRS 342.732(1)(a) was sufficiently distinguishable from KRS 342.730(1)(b), the general income benefits statute for permanent, partial occupational disability,

to justify interpreting the words "not to exceed" as used in KRS 342.732(1)(a) as a term of limitation only. Whereas, he believed that the words "for a maximum period . . . of four hundred twenty-five (425) weeks," as used in KRS 342.730(1)(b), required an award for 425 weeks that could be reduced if the worker's condition improved.

We agree with the majority and, hence, we affirm. The term "not to exceed" is usually, not exclusively, used as a term of limitation. *Black's Law Dictionary*, 6th Edition. As noted by both the Board and the Court of Appeals, KRS 342.732 is somewhat inartfully drafted. Nonetheless, KRS 342.732 derives from KRS 342.730 and was part of a comprehensive attempt by the legislature to set forth more precise standards for determining the presence of functional impairment and occupational disability which result from a worker's exposure to coal dust and for authorizing the award of varying levels of benefits based on the worker's degree of respiratory impairment or category of disease. The term "not to exceed" is used in KRS 342.732(1)(a) to describe the duration of a retraining incentive benefit and in KRS 342.732(1)(b) to describe the duration of a permanent, partial, occupational disability benefit.

It is argued that KRS 342.732(1)(a) relates to the retraining incentive benefit, not an income benefit, and that the legislature may have wished to allow the ALJ some discretion to vary the monetary value of the benefit awarded depending on the merit of a particular claim. We believe, however, that if a claim is of doubtful merit it should be dismissed, not granted for a shorter duration. The proponent of such a claim is always free to reapply and to receive benefits at a later date if the evidence supports an award at that time.

In view of the detailed and specific standards of proof for pneumoconiosis claims which are set forth in KRS 342.316 and KRS 342.732 and which severely limit the ALJ's discretion, it would be irrational to believe that the legislature intended to allow the ALJ discretion to vary the duration of these awards based on their merit. This is true regardless of whether a given award is for a retraining incentive or an income benefit.

We note that an ALJ is without discretion to vary the duration of other permanent, partial, occupational disability awards except in those few reopenings where the worker has recovered from the effects of his injury and no longer suffers from an occupational disability. See *Palmore v. Peabody Coal Co.*, Ky.App., 818 S.W.2d 622 (1991).

We conclude that the term "not to exceed," as utilized in KRS 342.732, is the functional equivalent of "for a maximum period . . . of," as utilized in KRS 342.730. We believe that the discrepancy in the terminology of the two statutes is a distinction without a difference and that the term "not to exceed" does not grant an ALJ the discretion to award a retraining incentive benefit for a period of less than 208 weeks based on the merits of a particular claim. KRS 342.732(1)(a). Accordingly, the decision of the Court of Appeals is hereby affirmed.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS, and SPAIN, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which he is joined by COMBS, J.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent because the three little words "not to exceed" are clear and unambiguous. KRS 342.732(1)(a) provides that retraining incentive benefits shall be payable "for a period not to exceed 208 weeks." There is only one reasonable conclusion that can be reached; it is that the Administrative Law Judge has the discretion to award benefits up to 208 weeks.

In the absence of statutory definition, in Kentucky words are to be construed according to common usage. See *Claude H. Fannin Wholesale Co. v. Thacker*, Ky.App., 661 S.W.2d 477 (1984) Here there is no statutory definition and consequently the words must be given common usage. It is very clear that the phrase "not to exceed" is a term of limitation only.

Black's Law Dictionary, 6th Edition, defines the term "not exceeding" as usually a term of limitation only, denoting an uncer-

tainty of amount. If the General Assembly had intended to fix the amount as a certain number of weeks, it could have done so, but it did not. Accordingly, the ordinary meaning of the phrase "not to exceed" must be applied so as to give the Administrative Law Judge discretion to award benefits for less than 208 weeks when the evidence supports such a determination.

There is a difference between benefits provided by KRS 342.732(1)(a) and those in KRS 342.732(1)(b) because one is for non-disability and the other for actual disability to the body as a whole.

I cannot agree that the words "not to exceed" in the statute are the functional equivalent of "for a maximum period ...".

I would reverse the decision of the Court of Appeals.

COMBS, J., joins in this dissent.